IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SimpleAir, Inc., a Texas corporation, <br><br> Plaintiff, <br><br> vs. <br><br> AWS Convergence Technologies, Inc., a Delaware corporation; The Weather Channel Interactive, Inc., a Georgia corporation; Apple, Inc., a California corporation; Research in Motion Corporation, a Delaware corporation; Research in Motion Limited, a Canadian corporation; Facebook, Inc., a California corporation; ESPN, Inc., a Delaware corporation; Disney Online, a California corporation; The Walt Disney Company, a Delaware corporation; ABC, Inc., a New York corporation; Handango, Inc., a Delaware corporation; and Handmark, Inc., a Missouri corporation, <br><br> Defendants. | Civil Action No. 2:09-CV-289 (TJW) <br><br> **Jury Demanded** |

### PLAINTIFF AND COUNTERDEFENDANT SIMPLEAIR, INC.'S ANSWER TO COUNTERCLAIMS OF DEFENDANT HANDMARK, INC.

Plaintiff SimpleAir, Inc. ("SimpleAir") hereby answers the Counterclaims of Defendant Handmark, Inc. ("Handmark"). All of the allegations of the Counterclaims not specifically admitted herein are specifically denied.

### JURISDICTION

1.  SimpleAir admits that this Court has subject matter jurisdiction over Handmark's Counterclaims. SimpleAir denies all other allegations contained in paragraph 1 of Handmark's Counterclaims.

## COUNT I
## Declaratory Judgment of Invalidity of the '433 patent

2. SimpleAir incorporates by reference its response to the allegations set forth in paragraph 1 above. Except as expressly admitted, SimpleAir denies each of the allegations in paragraph 2 of Handmark's Counterclaims.

3. SimpleAir admits that it has accused Handmark of infringing and/or willfully infringing U.S. Patent No. 6,021,433 (the "'433 patent") and that Handmark denies these allegations.

4. SimpleAir denies the allegations contained in paragraph 4 of Handmark's Counterclaims.

5. SimpleAir admits that an actual and justiciable controversy exists between SimpleAir and Handmark as to the validity and infringement of the '433 patent.

6. SimpleAir denies the allegations contained in paragraph 6 of Handmark's Counterclaims.

## COUNT II
## Declaratory Judgment of Invalidity of the '914 patent

7. SimpleAir incorporates by reference its response to the allegations set forth in paragraphs 1 through 6 of Handmark's Counterclaims. Except as expressly admitted, SimpleAir denies each of the allegations in paragraph 7 of Handmark's Counterclaims.

8. SimpleAir admits that it has accused Handmark of infringing and/or willfully infringing U.S. Patent No. 7,035,914 (the "'914 patent") and that Handmark denies these allegations.

9. SimpleAir denies the allegations contained in paragraph 9 of Handmark's Counterclaims.

10. SimpleAir admits that an actual and justiciable controversy exists between SimpleAir and Handmark as to the validity and infringement of the '914 patent.

11. SimpleAir denies the allegations contained in paragraph 11 of Handmark's Counterclaims.

## COUNT III
### Declaratory Judgment of Non-infringement of the '433 patent

12. SimpleAir incorporates by reference its response to the allegations set forth in paragraphs 1 through 11 of Handmark's Counterclaims. Except as expressly admitted, SimpleAir denies each of the allegations in paragraph 12 of Handmark's Counterclaims.

13. SimpleAir admits that it has accused Handmark of infringing and/or willfully infringing the '433 patent by using, selling, or offering for sale products or services relating to the generation, processing and/or delivery of content, notifications and updates to or for mobile computing devices, which allegations Handmark denies.

14. SimpleAir denies the allegations contained in paragraph 14 of Handmark's Counterclaims.

15. SimpleAir denies the allegations contained in paragraph 15 of Handmark's Counterclaims.

16. SimpleAir admits that an actual and justiciable controversy exists between SimpleAir and Handmark as to the validity and infringement of the '433 patent.

17. SimpleAir admits that Handmark requests a declaratory judgment that it has not infringed the '433 patent. SimpleAir denies all other allegations contained in paragraph 17 of Handmark's Counterclaims.

## COUNT IV
## Declaratory Judgment of Non-Infringement of the '914 patent

18. SimpleAir incorporates by reference its response to the allegations set forth in paragraphs 1 through 17 of Handmark's Counterclaims. Except as expressly admitted, SimpleAir denies each of the allegations in paragraph 18 of Handmark's Counterclaims.

19. SimpleAir admits that it has accused Handmark of infringing and/or willfully infringing the '914 patent by using, selling, or offering for sale products or services relating to the generation, processing and/or delivery of content, notifications and updates to or for mobile computing devices, which allegations Handmark denies.

20. SimpleAir denies the allegations contained in paragraph 20 of Handmark's Counterclaims.

21. SimpleAir denies the allegations contained in paragraph 21 of Handmark's Counterclaims.

22. SimpleAir admits that an actual and justiciable controversy exists between SimpleAir and Handmark as to the validity and infringement of the '914 patent.

23. SimpleAir admits that Handmark requests a declaratory judgment that it has not infringed the '914 patent. SimpleAir denies all other allegations contained in paragraph 23 of Handmark's Counterclaims.

## PRAYER FOR RELIEF

SimpleAir denies that Handmark is entitled to the relief it seeks or any relief for the allegations made in its Counterclaims. SimpleAir requests that judgment be entered in its favor on all issues and it be awarded the appropriate damages, exceptional damages, costs, and attorneys' fees.

## JURY DEMAND

SimpleAir demands trial by jury of all issues.

Dated: January 19, 2010  Respectfully submitted,

By: /s/ *Jeff Eichmann*
Gregory S. Dovel
CA State Bar No. 135387
John Jeffrey Eichmann
CA State Bar No. 227472
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069
Email: greg@dovellaw.com
Email: jeff@dovellaw.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux LLP
1127 Judson Road, Suite 220
Longview, TX 75601
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email: ccapshaw@mailbmc.com
Email: ederieux@mailbmc.com

ATTORNEYS FOR PLAINTIFF,
SIMPLEAIR, INC.

## Certificate of Service

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 19th day of January, 2010.

/s/ *Jeff Eichmann*
John Jeffrey Eichmann