# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| SIMPLEAIR, INC., a Texas corporation,<br><br>    Plaintiff,<br><br>v.<br><br>AWS CONVERGENCE TECHNOLOGIES, INC., a Delaware corporation; THE WEATHER CHANNEL INTERACTIVE, INC., a Georgia corporation; APPLE INC., a California corporation; RESEARCH IN MOTION CORPORATION, a Delaware corporation; RESEARCH IN MOTION LIMITED, a Canadian corporation; FACEBOOK, INC., a Delaware corporation; ESPN ENTERPRISES, INC., a Delaware corporation ; DISNEY ONLINE, a California corporation; ABC, INC., a New York corporation; AMERICAN BROADCASTING COMPANIES, INC., a Delaware corporation; HANDANGO, INC., a Delaware corporation; and HANDMARK, INC., a Missouri corporation,<br><br>    Defendants. | Case No. 2:09-CV-289-TJW<br><br>**JURY TRIAL DEMANDED**<br><br><br><br>**DEFENDANTS' JOINT MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A)** |

TABLE OF CONTENTS

PAGE

I.     INTRODUCTION ....................................................................................................1

II.    FACTUAL BACKGROUND.....................................................................................2

       A.     The Complaint .................................................................................................2
       B.     SimpleAir's Location And Lack Of Connection To This District........................2
       C.     Defendants' Locations And Connections To This District....................................3
       D.     The Location Of Potential Non-Party Witnesses....................................................4

III.   LEGAL STANDARDS .............................................................................................6

IV.    ARGUMENT .............................................................................................................6

       A.     The Private Interest Factors Favor Transfer. ...........................................................6
              1.     The Convenience Of The Parties And Witnesses Strongly Favors
                     Transfer To The Northern District Of California. ......................................6
              2.     Virtually No Sources Of Proof Relating To SimpleAir's Claims
                     Are Located In The Eastern District of Texas, Whereas The
                     Northern District Of California Is A Center Of Gravity For
                     Evidence In This Action. ..........................................................................11
              3.     Compulsory Process Is Not Available In The Eastern District Of
                     Texas For Any Non-Party Witnesses...........................................................12
              4.     This Court Is No More Familiar With The Patents-In-Suit Than
                     Any Other Court. ......................................................................................13
       B.     The Public Interest Factors Also Favor Transfer. .................................................13

V.     CONCLUSION.......................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Genentech, Inc.*,
  556 F.3d 1338 (Fed. Cir. 2009)...............................................................6, 9, 10, 11

*In re Hoffman-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009)..............................................................8, 10, 11, 13

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008)...................................................................6, 11, 14

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) ("*Volkswagen I*")..........................................................7

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) ("*Volkswagen II*") (*en banc*).....................................6, 11, 13, 14

*Novartis Vaccines & Diagnostics, Inc. v. Hoffman-La Roche, Inc.*,
  597 F. Supp. 2d 706 (E.D. Tex. 2009).......................................................................10

*Sanofi-Aventis Deutschland GmbH v. Novo Nordisk, Inc.*,
  No. 9:09-CV-9, 2009 U.S. Dist. LEXIS 28501 (E.D. Tex. Apr. 3, 2009)..............................12

*SimpleAir Holdings Inc. v. Accuweather Inc.*,
  No. 2:06-cv-00799-GHK-FMO (C.D. Cal. *filed* Feb. 10, 2006) .........................................3, 13

*SimpleAir Holdings, Inc. v. clearTXT, Inc.*,
  No. 2:08-cv-00290-TJW (E.D. Tex. filed Jul. 28, 2008).........................................................13

*SimpleAir Holdings, Inc. v. m-Qube, Inc.*,
  No. 2:06-cv-00449-CE (E.D. Tex. filed Oct. 27, 2006) ........................................................13

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964)..................................................................................................8

STATUTES

28 U.S.C. § 1404(a) ........................................................................................... passim

FED. R. CIV. P. 45.........................................................................................................12

Defendants AWS Convergence Technologies, Inc. ("AWS"), The Weather Channel Interactive, Inc., Apple Inc. ("Apple"), Facebook, Inc. ("Facebook"), Disney Online, ESPN Enterprises, Inc. ("ESPN Enterprises"), American Broadcasting Companies, Inc. ("American Broadcasting Companies"), and Handmark, Inc. ("Handmark") (collectively, the "Defendants") respectfully move to transfer this case to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1404(a).[1]

## I.   INTRODUCTION

Transfer is warranted in this action by the stark contrast in terms of relevance, convenience and fairness between the Eastern District of Texas and the proposed transferee forum, the Northern District of California.  The pertinent facts for this motion include:

- the company headquarters of two of the defendants accused of infringing all four patents in suit are located in the Northern District of California;

- three additional defendants have their company headquarters or other facilities in California;

- several potential third-party witnesses reside in the Northern District of California; and

- plaintiff's *de facto* principal place of business and all of its employees are located in California.

Conversely, none of the parties have any sources of proof or witnesses relevant to this action located in the Eastern District of Texas.  Not a single defendant is incorporated in Texas, nor does any defendant have its principal place of business in the Eastern District of Texas.  Further, Plaintiff has created a tenuous connection to this District by changing its incorporation from California to Texas ***just one month before filing*** the Complaint in this action, though none of its employees are located in Texas.  And to Defendants' knowledge, there is not a single third-party or party witness located in the Eastern District of Texas.

---

[1] Defendants Handango, Inc., Research In Motion Corp. and Research In Motion Ltd. do not oppose this Motion to Transfer Venue.

For these reasons, Defendants collectively assert that trial in the Northern District of California would be clearly more convenient and would serve the interests of justice.

## II.      FACTUAL BACKGROUND

### A.      The Complaint

SimpleAir, Inc. ("SimpleAir") filed its Complaint on September 23, 2009, alleging that defendants Apple, Facebook and Research In Motion Corporation ("RIM Corp.") and Research In Motion Limited ("RIM Ltd.") (collectively "RIM") infringe United States Patent Nos. 6,021,433 (the "'433 patent"); 7,035,914 (the "'914 patent"); 6,167,426 (the "'426 patent"); and 6,735,614 (the "'614 patent") (collectively, the "patents-in-suit").  Complaint ¶¶ 21, 27, 33, 39. The Complaint further alleges that defendants AWS, The Weather Channel, Disney Online, ESPN Enterprises, American Broadcasting Companies, Handmark and Handango, Inc. ("Handango") infringe the '433 and '914 patents.  *Id.* ¶¶ 21, 27.  The Complaint alleges that defendants' "products or services relating to the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices" infringe the patents-in-suit.  *Id.* ¶ 21, 27, 33, 39.

### B.      SimpleAir's Location And Lack Of Connection To This District

Plaintiff SimpleAir asserts that it is "a Texas corporation."  *Id.* ¶ 4.  However, this assertion belies SimpleAir's scant connection to Texas.  John M. Payne and Tim Von Kaenel, named inventors of all four patents-in-suit, formed SimpleAir in 2004 as a California corporation with its principal place of business in Newport Beach, California.  Declaration of Melissa H. Keyes in Support of Defendants' Joint Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Keyes Decl."), Ex. A.  ***Just one month before filing*** the Complaint in this action, SimpleAir incorporated itself in Texas, and ***just one week before filing***, it cancelled its California incorporation.  *Id.*, Exs. A-D.  As stated in its Texas Certificate of Formation, SimpleAir's Texas business address is "1400 Preston Road, Suite 400, Plano, TX 75093," an

address associated with a "virtual office" service provided by Meridian Business Centers.[2]  *See id.*, Exs. C, E-F.

Despite SimpleAir's "virtual" business address in Texas, its *de facto* principal place of business remains in California.  All of SimpleAir's employees – John M. Payne (Laguna Beach), Tim Von Kaenel (Trabuco Canyon) and in-house attorney Seth Weisberg (Los Angeles) – reside in California.  *Id.*, Exs. G-I.  Moreover, SimpleAir's first lawsuit alleging infringement of these patents-in-suit was brought in a California district court.  *See SimpleAir Holdings Inc. v. Accuweather Inc.*, No. 2:06-cv-00799-GHK-FMO (C.D. Cal. *filed* Feb. 10, 2006).  Therefore, to Defendants' knowledge, SimpleAir has no real connection to this District on which to base any claim of proper venue.

### C.    Defendants' Locations And Connections To This District

Three defendants are accused of infringing all four patents-in-suit – Apple, Facebook and RIM.  Complaint ¶¶ 21, 27, 33, 39.  All have substantial connections to the Northern District of California.  Facebook (Palo Alto, California) and Apple (Cupertino, California) have their headquarters in the Northern District.  Declaration of Craig W. Clark in Support of Defendants' Joint Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) ("Craig Clark Decl.") ¶ 2; Declaration of Mark Bentley in Support of Defendants' Motion to Transfer Venue ("Bentley Decl.") ¶ 2.  At their headquarters, Apple and Facebook research, design and develop their respective products and services that have been accused in this action.  *See* Craig Clark Decl. ¶¶ 2-3; Bentley Decl. ¶ 5.  RIM also maintains offices in Redwood City, California, located in the Northern District.  *See* Keyes Decl., Ex., K.  In addition, defendants Disney Online and American Broadcasting Companies also have substantial connections to California: Disney Online's principal place of business is in Burbank, California (located in the Central District of California) and American Broadcasting Companies also has offices and employees situated in Burbank.  Declaration of James D. Hanford in Support of Defendants' Joint Motion to Transfer Venue Pursuant to 28

---

[2] For $50/month, anyone can receive mail at this address without the need to maintain any actual facilities at that address.  *See id.* Exs. E, F.

USC § 1404(a) ("Hanford Decl.") ¶ 2; Declaration of Marsha L. Reed in Support of Defendants' Joint Motion to Transfer Venue Pursuant to 28 USC § 1404(a) ("Reed Decl.") ¶ 2.

In stark contrast, none of the defendants maintains any offices or employees having responsibility for research, design or development of the accused products or services in the Eastern District of Texas.[3]   Declaration of Daniel W. O'Connell in Support of Defendants' Joint Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("O'Connell Decl.") ¶¶ 3-4; Declaration of Pat Clark in Support of Defendants' Joint Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Pat Clark Decl.") ¶ 3; Bentley Decl. ¶¶ 7, 9; Craig Clark Decl. ¶ 4; Declaration of Anthony Waggoner in Support of Defendants' Joint Motion to Transfer Venue Pursuant to 28 USC § 1404(a) ("Waggoner Decl.") ¶¶ 2-3; Hanford Decl. ¶¶ 2-3; Reed Decl. ¶¶ 2-3; Declaration of Terry Carlton in Support of Defendants' Joint Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Carlton Decl.") ¶ 3.   While some defendants have facilities in Texas, none have sources of proof or witnesses relevant the products accused in this action in the Eastern District: defendants RIM Corp. (Irving, Texas) and Handango (Irving, Texas) are headquartered in the *Northern* District of Texas, and defendant Handmark (Kansas City, Missouri) maintains a development facility in that District.  Further, defendant Apple maintains a facility in Austin, Texas and a retail store in Plano, Texas, but none of Apple's employees in Austin or Plano has or had any responsibility related to the research, design, or development of the accused products.  Bentley Decl. ¶¶ 7, 9.

   **D.      The Location Of Potential Non-Party Witnesses**

There are several non-party witnesses in or near the Northern District of California.  For example, invalidity contentions submitted in a previous case involving the '614 patent identify three prior art references whose inventors or assignees are located in or near the Northern District of California.

---

[3] The isolated contacts some Defendants have with the Eastern District of Texas have no bearing on the relative convenience of the parties under 28 U.S.C. § 1404(a).  For example, Apple has 1 of its 221 U.S. retail stores located in the city of Plano, Texas.  Aside from this single retail store, Apple does not otherwise maintain any facilities in the Eastern District of Texas.  Bentley Decl. ¶¶ 8-9.

| Prior Art Reference | Named Inventor | Location | Original Assignee |
|---|---|---|---|
| 5,581,594 | Christopher L. McAfee | Loomis, CA (about 100 miles from N.D. Cal.) | Intel Corp., Santa Clara, CA (N.D. Cal.) |
| 5,588,009 | Craig A. Will | Fremont, CA (N.D. Cal.) | Craig Will (N.D. Cal.) |
| 6,049,291 | Dan Kikinis | Saratoga, CA (N.D. Cal.) | N/A |

These non-party witnesses will almost certainly be called by the Defendants in this case to testify on the issue of invalidity.  In addition to these probable witnesses, the Defendants have identified 29 inventors and assignees of potentially anticipating prior art who reside in the Northern District of California and who may also be called to testify to the invalidity of the patents-in-suit.  Keyes Decl. ¶ 17.  In addition, at least one former employee of a defendant with knowledge of the accused products resides in the Northern District of California.  Mr. Robert Borchers, the former Senior Director, Worldwide Product Marketing for defendant Apple  has had responsibility related to the marketing strategy of the Apple accused products.  Bentley Decl. ¶ 6.  Mr. Borchers is a non-party witness with relevant knowledge, and Mr. Borchers continues to reside in the Northern District of California.  *Id.*

On the other hand, none of the known non-party witnesses are located in the Eastern District of Texas.  All the third-party inventors of the patents-in-suit - *i.e.,* Jeffrey Wang (Bellevue, Washington), David Starr (New York, New York) and Jason Katz (New York, New York) – reside outside of Texas.  The named inventors that are members of SimpleAir -- John Payne and Tim von Kaenel -- reside in California. And, on information and belief, no inventor or assignee of any prior art reference thus far identified has any connection to the Eastern District of Texas.  Keyes Decl. ¶ 18.

## III.    LEGAL STANDARDS

A district court may transfer a civil action to any other district where the action might originally have been brought if doing so would serve the convenience of the parties and witnesses and the interests of justice.  28 U.S.C. § 1404(a).  In making this determination, courts apply the *forum non conveniens* "public" and "private" interest factors, as required under Fifth Circuit law.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008), *cert. denied,* 129 S. Ct. 1336 (2009) ("*Volkswagen II*") (*en banc*).  The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (*citing Volkswagen II*, 545 F.3d at 315).  The public interest factors to be considered are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

Through application of these factors to the facts of a case, the party seeking transfer need only show that the transferee venue is "clearly more convenient' than the venue chosen by the plaintiff.  *Volkswagen II*, 545 F.3d at 315.  It need not show that the factors favoring transfer "substantially outweigh" those disfavoring transfer.  *Id.*

## IV.    ARGUMENT

### A.    The Private Interest Factors Favor Transfer.

#### 1.    The Convenience Of The Parties And Witnesses Strongly Favors Transfer To The Northern District Of California.

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech*, *Inc.,* 556 F.3d 1338, 1342 (Fed. Cir. 2009) (citation omitted).  "Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must stay away from their regular employment."

*TS Tech*, 551 F.3d at 1320 (*quoting In re Volkswagen AG*, 371 F.3d 201, 205 (5th Cir. 2004) ("*Volkswagen I*")).  As evidenced by the chart below, there is a stark contrast between the convenience of the Northern District of California, in or near which the vast majority of witnesses are located, and the Eastern District of Texas.  As such, the Northern District of California is clearly more convenient for the vast majority of witnesses in this case, making this most important factor strongly favor transfer.

| | Party | Principal Place of Business | Expected Witnesses in N.D. Cal. | Expected Witnesses in California | Expected Witnesses in E.D. Tex. | Expected Witnesses in Texas |
|---|---|---|---|---|---|---|
| Plaintiff | SimpleAir | De jure: Plano, Texas De facto: Southern California | Ø | All | Ø | Ø |
| Defendants accused of infringing 4 patents-in-suit | Apple[4] | Cupertino, California (N.D. Cal.) | All | All | Ø | Ø |
| | Facebook | Palo Alto, California (N.D. Cal.) | All | All | Ø | Ø |
| | RIM | Global Headquarters: Canada U.S. Headquarters: Irving, Texas (N.D. Tex.) | Ø | Ø | Ø | Some |
| Defendants accused of infringing 2 patents-in-suit | Disney Online | Burbank, California (C.D. Cal.) | Ø | Some | Ø | Ø |
| | ESPN Enterprises | Bristol, Connecticut (D. Conn.) | Ø | Some | Ø | Ø |
| | American Broadcasting Companies | New York, New York (S.D.N.Y.) | Ø | Some | Ø | Ø |
| | AWS | Germantown, Maryland (D. Md.) | Ø | Ø | Ø | Ø |
| | The Weather Channel | Cobb County, Georgia (D. Ga.) | Ø | Ø | Ø | Ø |
| | Handango | Irving, Texas (N.D. Tex.) | Ø | Ø | Ø | All |
| | Handmark | Kansas City, Missouri (W.D. Mo.) | Ø | Ø | Ø | Some |

[4] The foreseeable Apple witnesses with knowledge regarding the research, design, and development of the accused products/services reside in or near Cupertino.  Bentley Decl. ¶ 5.

As seen in the above chart, five of the ten defendants' expected witnesses in this action are located in California.  Two defendants accused of infringing all patents-in-suit – Apple and Facebook – are headquartered in the Northern District of California, and both foresee calling their party witnesses from that District.  Craig Clark Decl. ¶¶ 3; Bentley Decl. ¶¶ 2, 5.  For these witnesses, any courthouse in the Northern District of California is approximately 2,000 miles closer than the Marshall courthouse of the Eastern District of Texas.  Keyes Decl. ¶ 11.  Of the defendants accused of infringing two of the patents-in-suit, two have substantial connections and party witnesses in California: Disney Online and American Broadcasting Companies.  Disney Online is headquartered in Burbank and American Broadcasting Companies has offices and employees in Burbank, and therefore a significant number of their respective party witnesses will be located in the Central District of California.  *See* Hanford Decl. ¶ 2; Reed Decl. ¶ 2.  Burbank is approximately 1,200 miles closer to any Northern District of California courthouse than to the Marshall courthouse of the Eastern District of Texas.  Keyes Decl. ¶ 12.  Importantly, Burbank itself has an airport with frequent direct flights of just over an hour in length to San Francisco International Airport.  Keyes Decl. ¶ 13.

The location of plaintiff's witnesses also strongly supports transfer.  SimpleAir was first incorporated in the state of California and remained a California corporation until just one month before filing the Complaint in this action.  Keyes Decl., Exs. A-D.  In August 2009, it incorporated in Texas with a "virtual" business address, at which, on information and belief, it only receives mail and has no actual operations.  Keyes Decl., Exs. C-F.  All known employees of SimpleAir – including two co-inventors of all four patents-in-suit – reside in California.  The Federal Circuit recently denounced the practice of creating a fictional presence in plaintiff's chosen venue in order to establish a connection to that district.  *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009) (*citing Van Dusen v. Barrack,* 376 U.S. 612 (1964) (holding that a plaintiff's attempt to manipulate venue by incorporating in and transferring its relevant sources of proof to its chosen venue in anticipation of litigation should be prohibited).  By all appearances, SimpleAir has no meaningful connection upon which to base any assertion

of proper venue in the Eastern District of Texas.  Therefore, plaintiff's location should also be deemed to support transfer to the Northern District of California.

In addition to the parties, there are at least five non-party witnesses – Mr. Borchers, Mr. McAfee, Mr. Will, Mr. Kikinis and Intel Corp. – who will likely be called to testify by the defendants, and who reside in or near the Northern District of California.[5]  For these witnesses, the Eastern District of Texas is approximately 2,000 miles further away than any Northern District of California courthouse.  Keyes Decl. ¶ 11.

In stark contrast to the large number of potential witnesses located in California, no party or third-party witnesses are located in the Eastern District of Texas.  The closest witnesses – party witnesses for defendants RIM Corp. and Handango – are located in the *Northern* District of Texas.[6]  For these witnesses, the driving time to Marshall, Texas would be similar in duration to the flying time to the Northern District of California.  Keyes Decl. ¶¶ 14-15.

The remaining parties with witnesses in neither California nor Texas – RIM Ltd., AWS and The Weather Channel – will be inconvenienced whether this action proceeds in the Eastern District of Texas or in the Northern District of California.  Witnesses for these parties will have to travel at least 600 miles no matter where they testify.  Keyes Decl. ¶ 16.  Where witnesses have to travel a significant distance no matter where they testify, the Federal Circuit has recently held that the Fifth Circuit's 100-mile rule[7] should not be rigidly applied.  *See Genentech*, 566 F.3d at 1344.  As such, the 100-mile rule has limited utility as applied to these defendants.

---

[5] To the extent a non-party witness is not in the Northern District of California, the subpoena power of a California federal district court is statewide.  *See* Cal. Code Civ. Proc. § 1989; Fed. R. Civ. P. § 45(b)(2)(C).

[6] Defendant Handmark also has a facility in the Northern District of Texas, but anticipates calling relatively few witnesses from that facility as most aspects of Handmark's accused product were developed at its headquarters in Missouri.  Also, Apple has a facility in Austin, Texas, but Apple has not identified any employees in Austin, or in any other city in Texas, who have any responsibility for research, design, or development of the accused  products and services. Bentley Decl. ¶ 7.  Instead, the foreseeable Apple witnesses with knowledge regarding research, design or development of the accused products and services reside in or near Cupertino, CA.  *Id.* ¶ 5.

[7] This rule states that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses

All considered, the facts of this case strongly support transfer, particularly in light of the recent Federal Circuit case law.  For example, in *Genentech* and *Hoffman-La Roche*, witnesses were scattered throughout the world, but because a clear center of gravity existed around the transferee forum, the Federal Circuit ordered transfer.  In *Genentech*, 14 identified witnesses were located in or near the transferee forum and 11 witnesses were located outside either forum. 566 F.3d at 1341.  The Federal Circuit in *Genentech* held that not all witnesses need reside in or near the transferee district in order for this factor to favor transfer: a "substantial number" of witnesses residing in or near the transferee forum is sufficient for this factor to favor transfer.  *Id.* at 1345.  In *Hoffman-La Roche*, four non-party witnesses resided in the transferee forum and 14 resided outside either forum, with seven having to travel further to reach the transferee forum than the plaintiff's chosen forum.  587 F.3d at 1335; *Novartis Vaccines & Diagnostics, Inc. v. Hoffman-La Roche, Inc.,* 597 F. Supp. 2d 706, 713 (E.D. Tex. 2009).  Similar to *Genentech*, the court in *Hoffman-La Roche* found that these witnesses, in combination with the location of relevant sources of proof, formed a sufficient nexus around the transferee forum to warrant transfer.  587 F.3d at 1336-37.  In the instant case, six of twelve parties, including plaintiff, have witnesses in or near the Northern District of California and *none* have witnesses relevant to the accused products in the Eastern District of Texas.  In addition to party witnesses,  at least five highly relevant and 29 potentially relevant non-party witnesses reside in the Northern District of California.  Though not all identified witnesses reside in or near the transferee forum, most of them do, thus forming a sufficiently "substantial number," per *Genentech*, to warrant transfer.

Because transferring this action to the Northern District of California would be clearly more convenient for many more parties and non-party witnesses, this factor strongly favors transfer.

---

increases in direct relationship to the additional distance to be traveled." *Volkswagen II*, 545 F.3d at 317 (*quoting In re Volkswagen AG*, 371 F.3d 201, 204-05 (5th Cir. 2004) ("*Volkswagen I*")).

**2.    Virtually No Sources Of Proof Relating To SimpleAir's Claims Are Located In The Eastern District of Texas, Whereas The Northern District Of California Is A Center Of Gravity For Evidence In This Action.**

Despite technological advances in transportation of electronic documents, physical accessibility to sources of proof continues to be an important private interest factor.  *See Volkswagen II*, 545 F.3d at 316; *TS Tech*, 551 F.3d at 1321.  Indeed, the Federal Circuit counsels that an alleged infringer's proof is particularly important to venue transfer analyses in patent infringement cases.  *See Genentech*, 566 F.3d at 1345 ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.") (citation omitted).

In the instant case, the allegedly infringing acts of at least two defendants took place in California: Apple and Facebook both developed their accused products in California, and therefore virtually all their relevant sources of proof are located there.  Craig Clark Decl. ¶ 3; Bentley Decl. ¶ 5.  RIM Corp. also maintains a facility in the Northern District of California.  *See* Keyes Decl., Ex. K.  Therefore, sources of proof held by the three defendants accused of infringing all four patents-in-suit are located in the Northern District of California.

In stark contrast, no relevant sources of proof are located in the Eastern District of Texas. Only two defendants, RIM Corp. and Handango, have their principal places of business in Texas, though both are located in the *Northern* District.[8]  As such, what little proof is located in Texas is greatly overshadowed by proof housed in the Northern District of California.

Transfer is also appropriate under  *Hoffman-La Roche*, wherein the Federal Circuit held that a plaintiff's attempt to manipulate venue in anticipation of litigation should be prohibited. 587 F.3d at 1337.  At least some development of the alleged inventions claimed by the patents-in-suit took place in California;[9] SimpleAir remained incorporated in California until just one

---

[8] *See supra* note 5.

[9] Three of the inventors of the patents-in-suit – John M. Payne, Tim Von Kaenel and Jeffrey Odell – were residents of California when they applied for these patents, according to the faces of the patents-in-suit.

11

week before filing the Complaint in this action; and the only employees of SimpleAir still reside in California.  Keyes Decl., Exs. D, G-I.  These facts strongly suggest that plaintiff's sources of proof are located in California, and that SimpleAir's Texas incorporation under a "virtual" business address should be ignored.

In summary, three of the eleven defendants to this action maintain sources of proof in the Northern District of California; on information and belief, plaintiff maintains its sources of proof in the neighboring Central District of California; and no party maintains sources of proof relating to any of SimpleAir's claims in the Eastern District of Texas.  Accordingly, consistent with this Court's precedent, this factor favors transfer.  *Sanofi-Aventis Deutschland GmbH v. Novo Nordisk, Inc.*, Civil Action No. 9:09-CV-9, 2009 U.S. Dist. LEXIS 28501, at *17 (E.D. Tex. Apr. 3, 2009) (transfer favored when more sources of proof are located closer to the transferee forum than to the transferor forum).

### 3.     Compulsory Process Is Not Available In The Eastern District Of Texas For Any Non-Party Witnesses.

A district court can issue subpoenas to compel the attendance of witnesses residing anywhere within the state in which the court sits, if the state's laws permit such service; anywhere within its judicial district; or at a place outside the district but within 100 miles of the place specified for the deposition or trial. FED. R. CIV. P. 45.  Pursuant to this Rule, the Eastern District of Texas will not be able to compel the attendance, either at trial or at deposition, of a *single* relevant non-party witness.  None of the non-party inventors of the patents-in-suit reside in Texas, nor do any of the non-party witnesses identified by the Defendants.

In contrast, the Northern District of California would likely have absolute subpoena power over a number of non-party witnesses.  For example, Defendants believe that the Northern District of California has five important non-party witnesses that could testify regarding the invalidity of the patents-in-suit or to marketing of the accused products, and an additional 29 witnesses with knowledge of the prior art that may also be called.  *See supra* Section II(D).  As such, this factor strongly favors transfer.

4.      **This Court Is No More Familiar With The Patents-In-Suit Than Any Other Court.**

Pursuant to *Volkswagen II*, the Court may consider any other practical problems that make trial of a case easy, expeditious and inexpensive. Plaintiff may argue that this Court has heard cases involving three of the four patents-in-suit. *See SimpleAir Holdings, Inc. v. m-Qube, Inc.*, No. 2:06-cv-00449-CE (E.D. Tex. filed Oct. 27, 2006); *SimpleAir Holdings, Inc. v. clearTXT, Inc.*, No. 2:08-cv-00290-TJW (E.D. Tex. filed Jul. 28, 2008). However, SimpleAir's first filed suit alleging infringement of three of the four patents-in-suit in a California district court. *See SimpleAir Holdings Inc. v. Accuweather Inc.*, No. 2:06-cv-00799-GHK-FMO (C.D. Cal. filed Feb. 10, 2006). All of the prior cases settled before a claim construction hearing took place or any substantive rulings related to the patents-in-suit. Therefore, the existence of any prior litigation in the Eastern District of Texas should not weigh as a factor in the analysis of the proper venue of this action.

B.      **The Public Interest Factors Also Favor Transfer.**

Three of the public interest factors considered in venue transfer analysis are neutral in this case: both Districts are equally capable of applying federal patent law, adjudication of this suit presents no administrative difficulties in either District, and no conflict-of-law issues arise in either venue. However, the fourth public interest factor – the existence of a localized interest – weighs heavily in favor of transfer to the Northern District of California.

A strong localized interest is persuasive in venue transfer analysis for two reasons. First, the burden imposed on a jury member is lessened when the dispute he or she is called to adjudicate involves local entities or events that occurred locally. *See Volkswagen II*, 545 F.3d at 307-08, 316-18 (the accident giving rise to suit occurred in and the car involved in the accident was purchased in the transferee district); *Hoffman-La Roche*, 587 F.3d at 1335-36 (the allegedly infringing drug at the center of the case was developed in the transferee district). Second, communities have the right to adjudicate disputes involving "several individuals" who have had their "work and reputation" called into question "and who presumably conduct business in that community." *Id.* at 1336.

13

Both the Fifth and Federal Circuits have confirmed that localized interest for transfer purposes cannot be based upon availability of the accused product in either the transferee or transferor forums, particularly when such products are sold nationwide.  *See Volkswagen II*, 545 F.3d at 318; *TS Tech*, 551 F.3d at 1321 (*citing Volkswagen II*).  Therefore, to the extent the accused products in this case are sold or are available in the Eastern District of Texas, they are sold or available nationwide, and such facts do not create a "local interest" in Texas for purposes of transfer.  Furthermore, the Eastern District of Texas does not have a localized interest founded on either the location of the parties or the location of the harm: none of the parties maintain any operations, R&D, or manufacturing facilities in the Eastern District of Texas, and thus, none of the design, development, or manufacturing of the accused services or products has occurred in the Eastern District of Texas.  Therefore, the Eastern District of Texas cannot claim to have any particularized interest in adjudicating this action.

In stark contrast, California, in particular the Northern District of California, has a strong local interest in resolving this dispute.  First, California has a local interest in adjudicating any dispute involving the patents-in-suit: two of the named inventors of the patents-in-suit reside in California, and the current assignee, SimpleAir, maintains its *de facto* principal place of business in California.  Second, the Northern District of California has a vested interest in adjudicating a dispute involving alleged wrongdoing that occurred in that District.  As discussed above, two of the three defendants accused of infringing all four patents-in-suit designed and developed their allegedly infringing products at their respective headquarters in the Northern District of California, and the third of those defendants, RIM, also maintains a facility in that District.  Third and finally, the Northern District of California has an interest in adjudicating a dispute which calls into question the work and reputation of individuals working in the local community.  Several thousands of individuals employed by Apple, Facebook and RIM who reside in the Northern District of California, not to mention the employees of Disney Online and American Broadcasting Companies who reside near that District, have had their work called into question by SimpleAir.  For all these reasons, this factor strongly favors transfer.

## V.    CONCLUSION

The Fifth Circuit's private and public interest factors strongly favor transfer to the Northern District of California in the instant litigation.  The Northern District of California is more convenient for a greater number of witnesses than would be the Eastern District of Texas, and many more sources of proof are located in the Northern District of California than are located in the Eastern District of Texas.  Also, California has a substantial localized interest in litigating this dispute.  For these reasons, and all the reasons discussed above, Defendants respectfully request that the case be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,

Dated: March 31, 2010                          COOLEY GODWARD KRONISH LLP


By:  /s/  *Melissa H. Keyes*

Melissa H. Keyes
California Bar No. 258605
3000 El Camino Real, 5 Palo Alto Square
Palo Alto, CA  94306
Telephone (650) 843-5000
Faxsimile (650) 849-7400
mkeyes@cooley.com

Deron R. Dacus
State Bar Card No. 00790553
Ramey & Flock, P.C.
100 East Ferguson, Suite 500
Tyler, TX  75702
Tel.:  903-597-3301
Fax.:  903-3978-2413
derond@rameyflock.com


Attorneys for Defendant
FACEBOOK, INC.

Dated: March 31, 2010                          RAMEY & FLOCK, P.C.

                                                 By:  /s/ Deron R. Dacus
                                               DERON R. DACUS
                                               State Bar Card No. 00790553
                                               100 East Ferguson, Suite 500
                                               Tyler, TX  75702
                                               Tel.:  903-597-3301
                                               Fax.:  903-3978-2413
                                               derond@rameyflock.com

                                                    OF COUNSEL:
                                               Keith J. Grady, Esq.
                                               Graham L.W. Day, Esq.
                                               Polsinelli Shalton Flanigan Suelthaus PC
                                               100 South Fourth Street, Suite 1100
                                               St. Louis, MO  63102
                                               Direct:  314-552-6883
                                               Main:  314-889-8000
                                               Fax No.: 314-231-1776
                                               kgrady@polsinelli.com
                                               gday@polsinelli.com

                                               ATTORNEYS FOR DEFENDANT
                                               HANDMARK, INC.

//

//

//

//

//

//

//

//

//

//

//

//

16

Dated: March 31, 2010                     PROSKAUER

                                            By:  /s/ *Joseph A. Capraro*
                                          Joseph A. Capraro, Jr.
                                          State Bar Card No. 564128
                                          One International Place
                                          Boston, MA  02110
                                          Tel.:  (617) 526-9800
                                          Fax.:  (617) 526-9899
                                          jcapraro@proskauer.com

                                          Jennifer Parker Ainsworth
                                          Wilson Robertson & Cornelius PC
                                          909 ESE Loop 323
                                          Suite 400
                                          P.O. Box 7339
                                          Tyler, TX 75711-7339
                                          Tel:  (903) 509-5000
                                          Fax:  (903) 509-5092
                                          jainsworth@wilsonlawfirm.com

                                          ATTORNEYS FOR AWS CONVERGENCE
                                          TECHNOLOGIES, INC.

Dated: March 17, 2010                        ALBRITTON LAW FIRM

                                             /s/ Eric M. Albritton
                                             Eric M. Albritton
                                             Texas State Bar No. 00790215
                                             ALBRITTON LAW FIRM
                                             P.O.Box2649
                                             Longview, Texas 75606
                                             (903)757-8449 (phone)
                                             (903)7s8-7397 (fax)
                                             ema@emafirm.com

                                             Gregory S. Arovas
                                             KIRKLAND & ELLIS LLP
                                             Citigroup Center 153 East 53rd Street
                                             New York, NY 10022
                                             212 446 4800 (phone)
                                             212 446 4900 (fax)
                                             gregory.arovas@kirkland.com

                                             Adam R. Alper
                                             Ryan J. Casamiquela
                                             KIRKLAND & ELLIS LLP
                                             555 California Street, Floor 24
                                             San Francisco, California 94104
                                             415 439 1400 (phone)
                                             415 439 1500 (fax)
                                             adam.alper@kirkland.com
                                             ryan.casamiquela@kirkland.com

                                             Attorneys for APPLE INC.

//

//

//

//

//

//

//

//

//

Dated: March 31, 2010

By:   /s/ John M. Caracappa

Jeffrey S. Patterson
Texas Bar No. 15596700
E-mail: jpatterson@hdbdk.com
HARTLINE, DACUS, BARGER, DREYER &
KERN, LLP
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206
Phone: (214) 369-2100
Fax: (214) 369-2118

John M. Caracappa
DC Bar No. 476543
Email: jcaracappa@steptoe.com
R. Whitney Winston
DC Bar No. 468536
Email: wwinston@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington, DC 20036
Phone: (202) 429-3000
Fax:  (202) 429-3902

**Attorneys for Disney Online, American
Broadcasting Companies, Inc., and ESPN
Enterprises, Inc.**

//

//

//

//

//

//

//

//

//

//

//

//

Dated:  March 24, 2010.


By:     /s/   Eve L. Henson

                   Eve L. Henson
                   TX SBN: 00791462
                   Richard A. Sayles
                   TX SBN: 17697500
                   SAYLES WERBNER
                   1201 Elm Street
                   4400 Renaissance Tower
                   Dallas, Texas 75270
                   Telephone: (214) 939-8700
                   Facsimile:  (214) 939-8787
                   ehenson@swtrialaw.com
                   dsayles@swtriallaw.com

                   Steven J. Rocci
                   Steven B. Samuels
                   WOODCOCK WASHBURN LLP
                   Cira Centre
                   2929 Arch Street, 12th Floor
                   Philadelphia, PA  19104-2991
                   Telephone:  (215) 568-3100
                   Facsimile:  (215) 568-3439
                   rocci@woodcock.com

                   ATTORNEYS FOR DEFENDANT THE
                   WEATHER CHANNEL INTERACTIVE, INC.

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel has complied with the meet-and-confer requirements of Local Rule CV-7(h).  The personal conference requirement of this rule was met on March 23, 2010 via telephone conference involving counsel for Facebook, Inc. – authorized to speak on behalf of movants AWS Convergence Technologies, Inc., The Weather Channel Interactive, Inc., Apple Inc., Facebook, Inc., Disney Online, ESPN Enterprises, Inc., American Broadcasting Companies, Inc., and Handmark, Inc. (collectively, the "Defendants") – and counsel for plaintiff SimpleAir, Inc.  Counsel for the parties conferred regarding Defendants' Joint Motion, but reached an impasse on the matter.  Plaintiff is opposed to Defendants' Joint Motion and discussions between the parties have conclusively ended.

 _/s/ Melissa H. Keyes_
Melissa H. Keyes

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Federal Rule of Civil Procedure 5 and Local Rule CV-5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile, and/or U.S. First Class Mail this 31th day of March, 2010.


  _/s/ Melissa H. Keyes_
Melissa H. Keyes