**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **SIMPLEAIR, INC.** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | **CIVIL ACTION NO. 2:09-CV-289-TJW** |
| **v.** | § | |
| | § | |
| **AWS CONVERGENCE TECHNOLOGIES, INC., ET AL.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| **DEFENDANTS.** | § | |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS JOINT MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

## I. INTRODUCTION

Transfer is warranted because SimpleAir's claims in this matter focus on parties, witnesses, and facts located in and near the Northern District of California, not the Eastern District of Texas. In opposing this motion, SimpleAir does not dispute those core facts:

- SimpleAir concedes that the Northern District of California is more convenient for Defendants Apple, Facebook, and Disney Online, as those entities are headquartered in California and their expected witnesses are located there (*see* D.I. 104, p. 1);
- SimpleAir does not dispute that defendant American Broadcasting Companies operates substantial facilities in California and that American Broadcasting Companies will have corporate witnesses for this matter come from its California facilities;
- SimpleAir does not dispute that the remaining seven defendants are not located in the Eastern District of Texas, nor that only one of them resides in Texas state; and
- SimpleAir does not dispute that *all* of its personnel reside in California. D.I. 98, Exs. G-I (showing current addresses).

As a result of these undisputed facts, the transfer issues presented by Defendants' motion are narrow, and focus on two arguments raised by SimpleAir in its Opposition. First, SimpleAir contends that this District is the proper venue because it is centrally located among the parties and witnesses. That approach has been expressly rejected by recent authority in similar circumstances. *See In re Genentech Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009); *In re Hoffman-LaRoche Inc.*, 587 F.3d 1333, 1335-36 (Fed. Cir. 2009).

Second, SimpleAir alleges that there are over 350 witnesses relevant to this matter, including sixteen residing in the Eastern District of Texas. These allegations are largely based on the declaration of a SimpleAir attorney, unaccompanied by exhibits or any other evidence sufficient to controvert the substantial evidence set forth by Defendants. SimpleAir fails to provide an explanation as to why the witnesses it relies on are "relevant and material," as is required by Federal Circuit and this District's precedent.

In sum, SimpleAir has failed to show that the Eastern District of Texas has any relevant witnesses, whether party or non-party witnesses, and has failed to rebut the undisputed facts that five parties have their witnesses in California and that four material, non-party witnesses are in or near the Northern District of California.

## II. ARGUMENT

### A. The Federal Circuit And This District Have Rejected The Core Premise Of SimpleAir's Opposition: That A Venue Is Proper Because It Is Supposedly Centrally Located.

The premise of SimpleAir's Opposition – that this District is the proper venue because it is centrally located – has been expressly rejected by the Federal Circuit. *See, e.g., In re Genentech*, 566 F.3d at 1344 (Fed. Cir. 2009); *In re Hoffman-LaRoche*, 587 F.3d at 1335-36 (Fed. Cir. 2009). Moreover, contrary to SimpleAir's assertions, the Federal Circuit has uniformly rejected the notion that *all* witnesses must be located in or near the transferee forum in order to justify transfer. *See, e.g., In re Genentech,* 556 F.3d at 1345 ("substantial number" of witnesses in or near the transferee forum sufficient); *In re Hoffman-La Roche,* 587 F.3d at 1335 (only four of eighteen witnesses resided in the transferee forum). The arguments for transfer are even stronger here than those in *Genentech* and *Hoffman LaRoche*. Here, SimpleAir admits that the Northern District of California is "certainly" "more convenient" for Apple[1] and Facebook, and concedes that it is "convenient" for Disney Online. SimpleAir further does not dispute that

[1] In its unsupported attorney declaration, SimpleAir references Apple's Texas facilities, but none of Apple's Texas-resident employees are knowledgeable regarding the research, design, and development of the accused products and services. Reply Declaration Of Mark Bentley In Support Of Defendants' Motion To Transfer Venue ("Bentley Reply Decl."), ¶¶ 2-3. SimpleAir also references Apple software licensing activities in Austin, but no Apple employees there have any responsibility for licenses concerning the products and services at issue in this litigation. Bentley Reply Decl., ¶¶ 4-5. Also, SimpleAir references Apple's Maiden, North Carolina facility, but that facility is not operational and is not a source of any material related to the accused products and services. Bentley Reply Decl., ¶¶ 6-7. These facts underscore the limited probative value of SimpleAir's speculative attorney declaration.

*all* of its personnel reside in California, and does not dispute that defendant ABC's witnesses are located in California as well. In the end, proceeding in the Eastern District of Texas would require all but one of the parties to travel to the state of Texas.[2] The fact that the Defendants are in different locations around the country is of limited significance given the number of parties and witnesses in California, and the lack of witnesses in this District.

SimpleAir's authority on this issue – *Motiva LLC v. Nintendo Co., Ltd.*, No. 6:08 CV 429, 2009 U.S. Dist. LEXIS 55406 (E.D. Tex. Jun. 30, 2009) – has been expressly overruled. *See In re Nintendo Co., Ltd.*, 589 F.3d 1194 (Fed. Cir. 2009). As a result of applying an improper underlying legal framework, SimpleAir's approach should be rejected. *See, e.g., In re Genentech,* 566 F.3d at 1344; *In re Hoffman-LaRoche,* 587 F.3d at 1335-36; *Digital-Vending Services, Intl. LLC v. The Univ. of Phoenix, Inc.*, No. 2:08-CV-91-TJW-CE, 2009 U.S. Dist. LEXIS 90908, at *10 (E.D. Tex. Sep. 30, 2009) (holding that because the "witnesses in this case are spread throughout the United States," "under *Genentech*, the Court finds that the witnesses and parties not located in the area of [the transferee forum] will have to travel a great distance regardless of whether trial is held in this district or in either of the proposed transferee forums.").

**B. SimpleAir Fails To Establish That There Are Relevant Non-Party Witnesses Or Third-Parties In Or Near This District.**

Unable to identify any party witnesses in this District, SimpleAir largely relies on an unsupported attorney declaration – without any attached exhibits – to compile a list of numerous potential witnesses and third-parties. To properly oppose this motion, however, SimpleAir must make a threshold showing that the witnesses on which it relies have material and relevant information. *See, e.g.*, *Genentech*, 566 F.3d at 1343; *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp.

[2] SimpleAir references former defendant Handango in its opposition brief. However, Handango was dismissed from this case on April 16, 2010 (D.I. 101), and thus any consideration of Handango is moot.

2d 761, 766-67 (E.D. Tex. 2009) ("[A] party must show that a witness's testimony is material and relevant. Given … Fujitsu's failure to explain the relevance of any [nonparty] employee testimony, the threshold showing of materiality and relevance has not been met."). SimpleAir fails to make that showing, instead listing over 350 witnesses without explaining why the witnesses are relevant and material to this case. *See id*.

Even a cursory examination of SimpleAir's list reveals it is both radically under- and over-inclusive. For example, SimpleAir places great weight on AT&T's supposed geographic connections without including the connection of other carriers that stand in a similar position, like Sprint, Verizon, and T-Mobile.[3] On the other hand, SimpleAir includes 194 inventors identified on 80 prior art references cited in the patents-in-suit. SimpleAir makes no effort to explain how or why any substantial portion of these inventors might be witnesses in this suit.

Most importantly, the Northern District of California has "absolute subpoena power[4]" over substantially more of SimpleAir's supposed 350+ witnesses than this District. According to SimpleAir, 75 witnesses reside in California. Because California permits statewide service of process, *see* Cal. Civ. Proc. Code § 1989, all 75 alleged witnesses are subject to the absolute subpoena power of the Northern District of California. By comparison, roughly 20 of SimpleAir's alleged "witnesses" would be subject to this Court's absolute subpoena power.

At bottom, this Court is left with sixteen witnesses SimpleAir identifies in the Eastern District of Texas. SimpleAir provides no support as to why those witnesses matter to this case.

[3] SimpleAir also argues that other companies are in Texas, like Texas Instruments (TI), but TI is only one of many suppliers of components, and SimpleAir does not discuss how TI components would be at all relevant to any issue in the case. Further, SimpleAir identifies PageNet as the wireless carrier for the original assignee, but does not explain how this is material to any claim or defense. Moreover, PageNet was bought by Arch Wireless, Inc., and later merged with another company to form USA Mobility, Inc., currently based in Virginia. Reply Exs. A-B.

[4] SimpleAir used outdated law to define "absolute subpoena power," which is now defined as "subpoena power for both depositions and trial." *In re Hoffman-LaRoche*, 587 F.3d at 1338.

These witnesses fall into four categories:

- First, SimpleAir points to some former employees of the parties without providing any evidence of their relevance.[5]

- Second, SimpleAir identifies listed inventors of cited art, without showing how the art is material.

- Third, SimpleAir lists "AT&T[6]" and "Ericsson" as having relevant information, but merely identifying companies is not sufficient. *See Mondis Tech. v. Top Victory*, Case No. 2:08-cv-00478-TJW, D.I. 74, p. 5 (E.D. Tex. Oct. 23, 2009).

- For the rest of the alleged witnesses, SimpleAir uses an attorney declaration (without any evidentiary support) to create a catch-all category that lists individuals with "information relevant to show" "the meaning of claim terms to those of ordinary skill in the art." This is conclusory. *See Autobytel, Inc. v. Insweb Corp.*, No. 2:07-cv-524-TJW, 2009 WL 901482, at *3 n.6 (E.D. Tex. March 31, 2009) (declaration failed to provide factual basis for statements).

In sum, SimpleAir has not established a single relevant and material witness in this District.

In contrast, the Defendants have specifically identified four material witnesses with relevant knowledge in or near the Northern District of California. D.I. 98, pp. 4-5; Reply Exs. C-F (showing current addresses). Defendants have specifically selected inventors for prior art that have been asserted in invalidity contentions against SimpleAir, in addition to a former officer of a party defendant with knowledge regarding the accused products. *Id*.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to transfer this case to the Northern District of California.

---

5 For example, SimpleAir lists former Apple inventor Daniel L. McBroom, but Mr. McBroom is an inventor of patents in the FireWire and flat panel display technology spaces, which have nothing to do with the issues in this case.

6 Without evidentiary support, SimpleAir suggests that AT&T develops and markets the Apple accused products through AT&T facilities in Texas. Research, design, and development of the Apple accused products and services took place in Cupertino, CA. D.I. 98, Bentley Opening Decl., ¶5. In addition, AT&T has facilities, like data centers and commerce outlets, throughout the U.S., including in California, to support and market AT&T services. Reply Exs. G-J.

Respectfully Submitted,

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (phone)
(903) 758-7397 (fax)

Gregory S. Arovas
Kirkland & Ellis LLP
601 Lexington Ave.
New York, NY 10022
(212) 446-4800 (phone)
(212) 446-4900 (fax)
Greg.arovas@kirkland.com

Adam Alper
Ryan Casamiquela
Kirkland & Ellis LLP
555 California Streetm 27th floor
San Francisco, CA 94104
(415) 439-1400 (phone)
(415) 439-1500 (fax)
adam.alper@kirkland.com
ryan.casamiquela@kirkland.com

***Counsel for Apple Inc.***

/s/ Melissa H. Keyes (with permission)
Melissa H. Keyes
California Bar No. 258605
3000 El Camino Real, 5 Palo Alto Square
Palo Alto, CA 94306
Telephone (650) 843-5000
Facsimile (650) 849-7400
mkeyes@cooley.com

Deron R. Dacus
State Bar Card No. 00790553
Ramey & Flock, P.C.
100 East Ferguson, Suite 500
Tyler, TX 75702
Tel.: 903-597-3301
Fax.: 903-3978-2413
derond@rameyflock.com

***Counsel for Defendant, Facebook, Inc.***

/s/ Deron R. Dacus (with permission)
DERON R. DACUS
State Bar Card No. 00790553
RAMEY & FLOCK, P.C.
100 East Ferguson, Suite 500
Tyler, TX 75702
Tel.: 903-597-3301
Fax.: 903-3978-2413
derond@rameyflock.com

OF COUNSEL:
Keith J. Grady, Esq.
Graham L.W. Day, Esq.
Polsinelli Shalton Flanigan Suelthaus PC
100 South Fourth Street, Suite 1100
St. Louis, MO 63102
Direct: 314-552-6883
Main: 314-889-8000
Fax No.: 314-231-1776
kgrady@polsinelli.com
gday@polsinelli.com

***Counsel for Defendant,* Handmark, Inc.**

*/s/ Joseph A. Caparo, Jr. (with permission)*
Joseph A. Capraro, Jr.
State Bar Card No. 564128
PROSKAUER
One International Place
Boston, MA 02110
Tel.: (617) 526-9800
Fax.: (617) 526-9899
jcapraro@proskauer.com

Jennifer Parker Ainsworth
Wilson Robertson & Cornelius PC
909 ESE Loop 323
Suite 400
P.O. Box 7339
Tyler, TX 75711-7339
Tel: (903) 509-5000
Fax: (903) 509-5092
jainsworth@wilsonlawfirm.com

***Counsel for Defendant AWS Convergence Technologies, Inc.***

*/s/ John M. Caracappa (with permission)*
Jeffrey S. Patterson
Texas Bar No. 15596700
E-mail: jpatterson@hdbdk.com
HARTLINE, DACUS, BARGER, DREYER & KERN, LLP
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206
Phone: (214) 369-2100
Fax: (214) 369-2118

John M. Caracappa
DC Bar No. 476543
Email: jcaracappa@steptoe.com
R. Whitney Winston
DC Bar No. 468536
Email: wwinston@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington, DC 20036
Phone: (202) 429-3000
Fax: (202) 429-3902

***Counsel for Defendants Disney Online, American Broadcasting Companies, Inc., and ESPN Enterprises, Inc.***

_/s/ Eve L. Henson (with permission)_
Eve L. Henson
TX SBN: 00791462
Richard A. Sayles
TX SBN: 17697500
SAYLES WERBNER
1201 Elm Street
4400 Renaissance Tower
Dallas, Texas 75270
Telephone: (214) 939-8700
Facsimile: (214) 939-8787
ehenson@swtrialaw.com
dsayles@swtriallaw.com

Steven J. Rocci
Steven B. Samuels
WOODCOCK WASHBURN LLP
Cira Centre
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2991
Telephone: (215) 568-3100
Facsimile: (215) 568-3439
rocci@woodcock.com

***Counsel for Defendant The Weather Channel Interactive, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 30th day of April 2010.

Eric M. Albritton