**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SIMPLEAIR, INC., <br><br> Plaintiff, <br><br> v. <br><br> AWS CONVERGENCE TECHNOLOGIES, INC. ET. AL <br><br> Defendants. | Civil Action No. 2:09-cv-289 (CE) |

**PLAINTIFF SIMPLEAIR'S SUR-REPLY TO DEFENDANTS' MOTION TO TRANSFER VENUE**

I.      Defendants' "undisputed facts."

- SimpleAir noted that Apple and Facebook, and perhaps Disney, would prefer to try this case in Northern California. Opp. (dkt. #104) at 1. SimpleAir did not concede that their "expected witnesses" will come from California. These Defendants have not identified a <u>single</u> employee witness they may call, from *anywhere*, and Defendants' list of third party witnesses is clearly incomplete and cherry-picked to center on Northern California. Moreover, the preference of three of twelve parties does not determine which venue is more convenient for the entire case.

- SimpleAir's opposition asserted that "neither Disney nor ABC (despite submitting declarations) identify a *single* material witness of theirs located in the Central District much less the Northern District." Opp. at 12. Defendants still have not done so. Moreover, they have not identified any relevant evidence of New York-based ABC located in California.

- Each Defendant is subject to personal jurisdiction in this district and therefore <u>each</u> does "reside" here. 28 U.S.C. §1391(c). Moreover, SimpleAir has shown that Apple, Handmark, and the Research in Motion defendants, maintain relevant facilities in bordering districts of Texas.[1]

- SimpleAir has shown that the Eastern District of Texas is more convenient to its sources of proof and its witnesses, including inventor and SimpleAir CEO John Payne, who conducts SimpleAir related business from the company's sole office in Plano, Texas.

II.     Defendants' reply arguments.

   A.     The centrality argument.

Defendants claim: "The premise of SimpleAir's Opposition – that this District is the proper venue because it is centrally located – has been expressly rejected by the Federal Circuit." Reply at 2. This argument fails for <u>three</u> reasons.

---

[1] Apple claims information about the "research, design, and development" of the accused "products and services" will not be found in Texas. Reply at 2, n.1. SimpleAir's opposition noted there is more at issue than the "research, design, and development" of Apple's products (*e.g.*, their operation and sale). Apple did not respond. Further, Apple's assertions rely on the definition of "products and services" set forth in its employee declaration. Bentley reply decl. (dkt. #111) ¶3. There appears to be no purpose for defining this term at all (the declaration is less than two pages), much less so narrowly, except to artificially support Apple's broad assertions.

*First*, Defendants' argument suggests that SimpleAir relies entirely on this district's central location, while SimpleAir's opposition sets forth various other bases for refusing transfer.

*Second*, Defendants' argument wrongly suggests the centrality of this district is an altogether improper consideration.  To the contrary, any analysis of the "relative ease of access to sources of proof" and the convenience of the venue to the parties and witnesses must consider all evidence and all witnesses.  Therefore, the relative centrality of a district (*i.e.*, whether it is closer, on average, to all of the evidence and witnesses) is, by definition, relevant.

Defendants' Federal Circuit cases say no differently.  They stand only for the proposition that a district's central location is not to be considered <u>when there is **no** evidence, witnesses, or genuine connection to or in the district itself</u>.  *In re Genentech*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) ("[T]he district court improperly used its central location as a consideration in the absence of witnesses within the plaintiff's choice of venue"); *In re Hoffman-LaRoche*, 587 F.3d 1333, 1336-37 (Fed. Cir. 2009) ("there appears to be no connection between this case and the Eastern District of Texas"); *In re Nintendo Co.*, 589 F.3d 1194, 1199-1200 (Fed. Cir. 2009) ("Because most evidence resides in Washington or Japan with none in Texas, the district court erred in not weighing this factor heavily in favor of transfer").  Indeed, this district has declined to extend the Federal Circuit's caution to cases where there <u>is</u> an evidentiary or other connection to the district. *See, e.g.*, *Red River Fiber Optic Corp. v. Verizon Servs. Corp.*, 2010 U.S. Dist. LEXIS 27827, *8 (E.D. Tex., Mar. 23, 2010) ("where potential witnesses are from widely scattered locations, a trial court should not consider its 'central location . . . <u>in the absence of witnesses within the plaintiff's choice of venue</u>'" (emphasis added) (*citing In re Genentech*)); *Tsera, LLC v. Apple, Inc., et al.*, 6:09-cv-00312-LED-JDL (E.D. Tex., May 12, 2010), dkt.# 230 at 9 ("the location of Plaintiff's documents and the decentralized locations of Defendants' documents as a whole counterbalance the convenience gains that would be realized by transfer").

*Third*, SimpleAir has shown that substantial sources of proof and witnesses are located in this district and nearby, the majority of all other proof and witnesses are closer to this district than to Northern California, and there is a strong connection between this case and this district.

### B.     Defendants' arguments against counsel's declaration.

Defendants largely do not dispute the factual accuracy of the assertions made by SimpleAir, but instead argue: (1) "SimpleAir largely relies on an unsupported attorney declaration – without any attached exhibits" and (2) "[fails] to make a threshold showing that the witnesses on which it relies have material and relevant information." Reply at 3.[2]  We respond.

#### 1.     the "unsupported declaration" argument

This argument fails for three reasons.  *First*, an "attorney declaration without any attached exhibits" is not categorically insufficient or improper.  A declaration is itself evidence and not merely a conduit for *attaching* evidence as exhibits, as Defendants suggest.  Moreover, an attorney declaration is entitled to no lesser weight than any other declaration, provided the declarant has personal knowledge of the matters declared.  *Second*, SimpleAir's lead counsel has been representing SimpleAir for more than four years and has personal knowledge of the information and investigation reported by the declaration.  Eichmann decl. (dkt. #104-1) ¶1, 6, 32.  *Third*, Defendants' criticism should not be credited given their motion's primary assertions – including their identification of prior art witnesses in California and assertion, on "information and belief," that no such witnesses reside in the district or in Texas – were supported solely by the declaration of their counsel.  Dkt. #98-1 (Keyes decl.) ¶17-18.  Other core assertions made by Defendants were similarly based on counsel's declaration and website citations.  *Id.* ¶2-16, 19.  Moreover, Defendants' exhibits were simply website print-outs.  *Id.* ¶2-10, 19.

#### 2.     the "no threshold showing" argument

Defendants criticize SimpleAir for "listing over 350 witnesses without explaining why the witnesses are relevant and material to this case."  Their criticism fails for four reasons.

*First*, Defendants' argument must be rejected at the threshold.  The declaration of SimpleAir's counsel provides greater detail and support than the declaration of defense counsel (dkt. # 98-1) that Defendants rely on to identify potential witnesses.

---

[2] Defendants do not address the declaration of inventor and SimpleAir CEO John Payne.

- 3 -

*Second*, a party is not required to set forth the specific information known by, or testimony expected from, a witness to show that witness has relevant and material information. *In re Genentech, Inc.*, 566 F.3d at 1344 (noting the Fifth Circuit has "reject[ed] [the] argument that defendants seeking transfer were required to submit affidavit evidence indicating what specific testimony they might offer and why such testimony is relevant or important" (*citing In re Volkswagen of Am., Inc.,* 545 F.3d 304, 317 (5th Cir. Tex. 2008)). Nor must a party show that a witness's testimony is significant. *Id.* ("It was not necessary for the district court to evaluate the significance of the identified witnesses' testimony"). Indeed, a party need not demonstrate that an identified witness does, in fact, have relevant and material information or is, in fact, likely to be called. Rather, what must be shown is that the witness <u>may</u> be called because he or she <u>may</u> have relevant and material information. *Id.* ("A district court should assess the relevance and materiality of the information the witness *may provide*. <u>Requiring a [party] to show that the potential witness has more than relevant and material information</u> at this point in the litigation . . .is <u>unnecessary</u>" (emphasis added)). Thus, Defendants' suggestion that SimpleAir must identify the specific information that its identified potential witnesses will testify to is wrong.

*Third*, SimpleAir made a good faith and well supported showing that the individuals and companies it identified are potential witness who likely have relevant and material information.[3] Eichmann supp. decl. (attached) ¶¶ 2-5.

*Fourth*, Defendants' specific challenges are each unfounded: (1) They claim, "SimpleAir places great weight on AT&T's supposed geographic connections without including the connection of other carriers that stand in a similar position, like Sprint, Verizon, and T-Mobile." Reply at 4. However, we explained that AT&T stands in a unique position because it has an

---

[3] Defendants criticize SimpleAir for including companies in its list of witnesses, citing *Mondis*. Reply at 5. That case does not articulate a broad rule that the location of third party entities (as opposed to individuals) is irrelevant. And no such rule would be appropriate, particularly where a good faith, well supported showing has been made that the identified company possesses relevant evidence or witnesses. Moreover, Defendants would themselves run afoul of such a rule since 5 of their 34 third party witnesses are companies not individuals. Dkt. #98, ¶17. Further, 3 of those companies are not even in existence any longer. Dkt# 104-1 ¶ 31.

exclusive agreement to carry Apple's accused iPhone.  Moreover, Sprint, Verizon, and T-Mobile were identified by SimpleAir and considered in its distance calculations.  Eichmann decl. (dkt. #104-1) at 15 (last bullet), ¶34.  (2) Defendants complain, "SimpleAir includes 194 inventors identified on 80 prior art references cited in the patents-in-suit [and] makes no effort to explain how or why any substantial portion of these inventors might be witnesses in this suit."  Reply at 4.  But it is Defendants who rely, almost exclusively, on the location of prior art witnesses.  If we are to consider the location of such witnesses, we must consider the location of all potential prior art witnesses, not just those cherry-picked by Defendants.[4]  (3) Defendants claim that SimpleAir fails to explain the relevance of the 16 witnesses identified in the district, calling counsel's declaration "conclusory."  Reply at 5.  However, the witnesses were identified based on the personal knowledge and research of SimpleAir's counsel.  Eichmann decl. ¶1, 6, 32; Eichmann supp. decl. ¶2-5.  And counsel provided more detail and support for SimpleAir's assertions than defense counsel's bare assertion that "The following individuals and entities have been identified as inventors or assignees of potentially invalidating prior art in this case."  Dkt. # 98, ¶ 17.

## III.    Conclusion.

Defendants (1) fail to rebut SimpleAir's showing this district is home to and substantially closer to the majority of party and third party evidence and witnesses, (2) fail to identify any reason that Northern California's subpoena power is needed, and (3) ignore the practical considerations (including the prior litigation, SimpleAir's investment in this jurisdiction, and Defendants' delay in bringing this motion) that weigh against transfer, and (4) do not dispute this case would take additional <u>years</u> to reach trial in San Jose than it will here.  Moreover, they cannot refute that this district has a significant local interest in this matter.  Their motion fails.

Dated:  May 21, 2010                                                            Respectfully submitted,

                                                                                            By:  /s/ *Jeff Eichmann*
                                                                                                    John Jeffrey Eichmann
                                                                                                    CA State Bar No. 227472

---

[4] Furthermore, even when we remove these witnesses from the list, we see that this district is still on average more convenient.  Eichmann supp. decl. ¶5.

        Dovel & Luner, LLP
        201 Santa Monica Blvd.,Suite 600
        Santa Monica, CA 90401
        Telephone:  310-656-7066
        Facsimile:  310-657-7069
        Email: greg@dovellaw.com
        Email:  jeff@dovellaw.com

        S. Calvin Capshaw
        State Bar No. 03783900
        Elizabeth L. DeRieux
        State Bar No. 05770585
        Capshaw DeRieux LLP
        1127 Judson Road, Suite 220
        Longview, TX 75601
        Telephone:  (903) 236-9800
        Facsimile:  (903) 236-8787
        Email:  ccapshaw@capshawlaw.com
        Email:  ederieux@capshawlaw.com

        ATTORNEYS FOR PLAINTIFF,
        SIMPLEAIR, INC.

### **Certificate of Service**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 21[th] day of May, 2010.

        /s/ *Jeff Eichmann*
        John Jeffrey Eichmann