**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SIMPLEAIR, INC., a Texas corporation, | |
| Plaintiff, | Case No. 2:09-CV-289-CE |
| v. | JURY TRIAL DEMANDED |
| AWS CONVERGENCE TECHNOLOGIES, INC., a Delaware corporation; THE WEATHER CHANNEL INTERACTIVE, INC., a Georgia corporation; APPLE INC., a California corporation; RESEARCH IN MOTION CORPORATION, a Delaware corporation; RESEARCH IN MOTION LIMITED, a Canadian corporation; FACEBOOK, INC., a Delaware corporation; ESPN ENTERPRISES, INC., a Delaware corporation ; DISNEY ONLINE, a California corporation; HANDANGO Inc., a Delaware corporation, AMERICAN BROADCASTING COMPANIES, INC., a Delaware corporation; and HANDMARK, INC., a Missouri corporation, | |
| Defendants. | |

## AGREED PROTECTIVE ORDER

Plaintiff SimpleAir, Inc. ("SimpleAir") and Defendants AWS Convergence Technologies, Inc., The Weather Channel Interactive, Inc., Apple Inc., Research In Motion Corporation, Research In Motion Limited, Facebook, Inc., ESPN Enterprises, Inc., Disney Online, American Broadcasting Companies, Inc., and Handmark, Inc. (collectively, "Defendants") stipulate that the following Protective Order ("Order") regarding confidential information may be entered by the Court:

## 1.  INTRODUCTION AND SCOPE

This Order shall govern all documents and things (whether or not embodied in any physical medium) exchanged during this action, including but not limited to documents produced by the parties or non-parties, testimony taken at a hearing or other proceeding, and discovery, including but not limited to deposition testimony, interrogatory answers, initial and supplemental disclosures, and responses to requests for admission.

The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their Outside Counsel in court or in other settings that might reveal Protected Information.

Production or disclosure of "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEY'S EYES ONLY," or "CONFIDENTIAL - ATTORNEY'S EYES ONLY - COMPUTER SOURCE CODE" information under this Order shall not prejudice the right of any party making that production or disclosure to maintain the trade secret status or confidentiality of that information in other contexts.

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

## 2.  DISCOVERY RULES REMAIN UNCHANGED

Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure. Identification of any individual pursuant to this Order does not make that individual available for deposition or any other form of discovery (nor does it preclude or limit the deposition or discovery concerning such individual) outside of the restrictions and

procedures of the Federal Rules of Civil Procedure and the Court's Deadlines set out in the applicable Scheduling Order. Nothing in this Order shall be construed to require a party to produce or disclose information not otherwise required to be produced under the applicable rules or orders of this Court.

**3.      DEFINITIONS AND DESIGNATIONS**

**3.1      Discovery Material**

The term "Discovery Material" shall refer to all documents and information governed by this Order.

**3.2      Protected Information**

Protected Information is defined in this Order as any Discovery Material that the Disclosing Party in good faith designates as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEY'S EYES ONLY," or "CONFIDENTIAL - ATTORNEY'S EYES ONLY - COMPUTER SOURCE CODE."

Any Protected Information obtained by any party from any person pursuant to discovery in this litigation or otherwise may be used only for purposes of preparation and litigation of this matter, and may not be used for any other purpose, including but not limited to use in other litigations, use for business purposes, use in patent Reexamination proceedings, or use for patent prosecution or for providing strategic patent prosecution advice other than specifically provided for in Section 5 of this Order.

To the extent that any one of Defendants in this litigation provides Protected Information under the terms of this Protective Order to Plaintiff, Plaintiff shall not, absent express written permission from the producing Defendant, share that material with the other Defendants in this litigation except to the extent necessary in connection with motion practice or trial, and then only if such material is marked with the corresponding confidentiality designation under this

Protective Order, filed under seal, and served only on Outside Counsel of record (unless marked as "CONFIDENTIAL - ATTORNEY'S EYES ONLY - COMPUTER SOURCE CODE," in which case the parties will comply with section 5.4.3.9, below). This Order does not confer any right to any one Defendant to access the Protected Information of any other Defendant. To the extent any Defendant objects that it has not received a complete or unredacted copy of any discovery response or expert report of Plaintiff as a result of Plaintiff's compliance with the foregoing provisions (*i.e.*, because information or analysis relating to another Defendant's Protected Information is not provided), it shall be the responsibility of the objecting Defendant (and not Plaintiff) to seek access to the redacted or missing information through meeting and conferring with the Defendant whose Protected Information is at issue (and seeking relief from the Court if necessary).

**3.3    Confidential Information**

Discovery Material may be designated as "CONFIDENTIAL INFORMATION" where such Discovery Material relates to non-public, sensitive or confidential information. For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material which is produced for or disclosed, either through the formal discovery process or informally, to a Receiving Party, which a Producing Party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets or other confidential research, analysis, development, strategic, commercial, or other information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party.

**3.4**    The following is not "CONFIDENTIAL INFORMATION," "CONFIDENTIAL - ATTORNEY'S EYES ONLY INFORMATION" or "CONFIDENTIAL - ATTORNEY'S

EYES ONLY - COMPUTER SOURCE CODE:"

     a.     any information which, at the time of disclosure to a Receiving Party, is lawfully in the public domain;

     b.     any information which, after disclosure to a Receiving Party, lawfully becomes part of the public domain as a result of publication not involving a violation of this Order;

     c.     any information that a Receiving Party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party; and

     d.     any information that a Receiving Party can show was independently developed by it after the time of disclosure by personnel who have not had access to the Producing Party's Protected Information.

### 3.5     Confidential - Attorney's Eyes Only

A party may additionally designate Discovery Material as "CONFIDENTIAL - ATTORNEY'S EYES ONLY." Discovery Material may be designated as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" if such Discovery Material contains particularly sensitive confidential information that the Designating Party believes in good faith cannot be disclosed to a Party without threat of competitive injury because such Discovery Material contains trade secret or other proprietary or commercially sensitive information. Protected Information in one or more of the following categories may qualify for "CONFIDENTIAL -ATTORNEY'S EYES ONLY" designation:   (i) non-public technical information, including schematic diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference materials, and other non-public technical descriptions and/or

depictions of the relevant technology; (ii) non-public sales-related information; (iii) non-public financial information; (iv) non-public customer and vendor lists and agreements, including license agreements; (v) non-public price lists and/or pricing information; (vi) information obtained from a non-party and subject to a duty of confidentiality, such as a non-disclosure agreement; (vii) non-public organizational charts; (viii) non-public business and/or marketing plans; (ix) trade secret information; and (x) any information not specifically enumerated in the above categories that can reasonably be categorized as highly-sensitive.

**3.6    Confidential - Attorneys Eyes Only - Computer Source Code**

3.6.1   Source Code

Source Code is defined as computer code, formulas, or specifications that define or otherwise describe in detail the algorithms or structure of software.  Source code includes, without limitation, computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, similarly sensitive implementation details, and documents describing and/or discussing the substance of the same to the extent such documents are stored with the Source Code in the ordinary course of business or were created as a result of this litigation (e.g., deposition transcripts, expert reports, etc.).  Further, Source Code includes programming statements or instructions that in general are converted into machine language by compilers, assemblers, or interpreters.

3.6.2   Discovery  Material  containing  Source  Code  may  be  designated  as "CONFIDENTIAL - ATTORNEY'S EYES ONLY - COMPUTER SOURCE CODE."

### 3.7    Outside Counsel

The term "Outside Counsel" shall mean outside attorneys— not employees of a party — who appear on the pleadings as counsel for the parties, or such other attorneys who have agreed to be bound to this Order by executing a copy thereof, including partners, associates, support personnel, paralegals, legal secretaries, and legal clerks working in connection with this case.

### 3.8    Outside Consultant

The term "Outside Consultant" shall mean any outside person (and their support personnel and vendors acting under their direction) who is not an employee of a party and who is identified as an expert whose opinions may be presented at trial of this case, or is retained or specially employed in anticipation of litigation for this case or preparation for trial for this case and who is not expected to be called as a witness at trial, including but not limited to, a proposed expert witness with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof. This term is to be construed within the meaning of Fed. R. Civ. P. 26(b)(4)(a)-(b).

### 3.9    Related Entity

A Related Entity is defined in this Order as any parent, subsidiary or other legal business entity owned or controlled by a common parent.

### 3.10    Producing Party / Designating Party

"Producing Party" means any Party or non-party entity that discloses or produces any Discovery Material in this case.  "Designating Party" means the Producing Party designating the Discovery Material as "CONFIDENTIAL INFORMATION," "CONFIDENTIAL-ATTORNEY'S EYES ONLY INFORMATION" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY - COMPUTER SOURCE CODE."

### 3.11    Receiving Party

"Receiving Party" means any Party who receives Discovery Material from a Producing Party.

### 3.12    Party

"Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

## 4.    TIME AND MANNER OF DESIGNATION

### 4.1    Time of Designation

Designation of Discovery Material shall be made at the following times:

**4.1.1**    For documents and things, prior to or at the time of the production of the document;

**4.1.2**    For declarations, written discovery responses, and pleadings, at the time of the service or filing, whichever occurs first;

**4.1.3**    For any form of testimony, either (a) at the time that such testimony is given, or (b) within thirty (30) calendar days after the receipt of the transcript of such testimony by the Designating Party. Until the expiration of thirty (30) calendar days after receipt of the transcript of such testimony by the Designating Party, all testimony will be treated as "CONFIDENTIAL - ATTORNEY'S EYES ONLY."

### 4.2    Manner of Designation

Designation of Discovery Material shall be made by placing the notation "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEY'S EYES ONLY," (or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," if designated as such prior to the entry of this Order), or "CONFIDENTIAL - ATTORNEY'S EYES ONLY - COMPUTER SOURCE CODE" on the Discovery Material in the following manner:

**4.2.1**  For documents, on each page of such document; for digital files being produced, on each viewable page or image, and on the medium or container in which the digital files are contained;

**4.2.2**  For tangible items, on the object or container thereof; or, if not practicable, as otherwise agreed by the parties;

**4.2.3**  For declarations, written discovery responses, court filing or pleadings, on the face of such document;

**4.2.4**  For testimony, Outside Counsel for either party may designate on the record at the deposition any testimony as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" under this Order. Each page of the designated testimony and any exhibit on which a witness gives testimony designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall be treated in accordance with the terms of this Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Information based on the designation of such Protected Information.   Such right of exclusion shall be

applicable only during periods of examination or testimony regarding such Protected Information;

**4.2.5** Computer source code may be so designated by affixing the legend "CONFIDENTIAL - ATTORNEY'S EYES ONLY - COMPUTER SOURCE CODE" on the media itself;

**4.2.6** All "CONFIDENTIAL INFORMATION," or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in Sections 4.2.1 - 4.2.5, shall be designated by informing the Receiving Party of the designation in writing; and

**4.2.7** To the extent the Receiving Party subsequently generates copies of this information, whether electronic or hard-copy, it shall mark such copies with the appropriate confidentiality designations. When documents are produced in electronic form, the Producing Party shall include the confidentiality designation on the medium containing the documents. In the event that the Receiving Party prints documents from such medium, the Receiving Party shall mark each such page of the documents with the appropriate designation.

**4.3     Non-Party Discovery**

**4.3.1** The parties recognize that, during the course of this case, non-parties may be called upon to produce "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEY'S EYES ONLY," or "CONFIDENTIAL - ATTORNEY'S EYES ONLY - COMPUTER SOURCE CODE" Discovery Materials. In such a case, the non-party who must produce such Discovery Material is considered to be a Producing Party, protected under this Order as though a signatory to it, and may use the

procedures described herein to designate its Discovery Materials as Protected Information.

**4.3.2**   Information originating with a non-party and in a Producing Party's custody or control that a Producing Party reasonably and in good faith believes is subject to a confidentiality obligation may designate the Discovery Material as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEY'S EYES ONLY," or "CONFIDENTIAL - ATTORNEY'S EYES ONLY - COMPUTER SOURCE CODE" and the Protected Information shall be subject to the restrictions on disclosure specified in this Order. The foregoing notwithstanding, if a party has a good faith belief that the production of Discovery Material is objectionable on the grounds that the requested Discovery Material is subject to a third-party confidentiality obligation, the Producing Party shall confer with the non-party to resolve the confidentiality issue. If this issue cannot be resolved then the Producing Party shall (1) immediately notify the Receiving Party; (2) identify the non-party; (3) provide the Receiving Party with the portion(s) of any agreement containing the alleged obligation of confidentiality; and (4) provide a schedule of all documents and things being withheld on the basis of the third party confidentiality obligation. All parties shall attempt to resolve all disputes promptly, informally, and in good faith. If the parties are unable to resolve the matter, the prospective "Receiving Party" may seek relief from the Court. In any such dispute, the Producing Party shall have the burden of showing good cause as to why disclosure is not warranted. No disclosure is required until the objection is resolved.

**4.3.3**   A nonparty's use of this Order to designate Protected Information does not entitle that nonparty access to any other Protected Information produced by any party in this case.

**4.4**   **Changing the Designation of Discovery Material**

In the event any party desires to change the designation of Discovery Material that is produced from no designation to "CONFIDENTIAL," "CONFIDENTIAL -ATTORNEY'S EYES ONLY," or "CONFIDENTIAL - ATTORNEY'S EYES ONLY -COMPUTER SOURCE CODE," or from one such designation to another, such party may do so by notice in writing specifically identifying the Discovery Material and furnishing a copy of such Discovery Material with the new designation. In such event, the Receiving Party shall thereafter treat such information with the new designation pursuant to this Order, as well as undertake a good faith effort to correct any treatment of the information inconsistent with the new designation.

**4.5**   **Resolution of Disputes Regarding Designation**

The parties will use reasonable care in designating information as Protected Information. In the event that the party receiving Protected Information disagrees with the designation (or changed designation) by the Designating Party, such a challenge shall be written, shall be served on counsel for the Producing Party and shall particularly identify the documents or information that the Receiving Party contends should be designated differently. The parties will engage in a good faith effort to try to resolve the dispute on an informal basis. If the parties are unable to resolve such a dispute informally within five (5) business days of having requested a meeting of counsel, the Receiving Party may thereafter apply to the Court for relief at any time. Any such disputed items shall be treated as originally designated by the Designating Party and subject to the protections of this Order unless and until the Court determines otherwise. Neither party shall

be obligated to challenge the propriety of any designation, and failure to do so shall not constitute an admission that any item or information is in fact considered proprietary.

### 4.6     No Presumption of Protected Status

This Order does not address discovery objections nor preclude either party from moving for any relief cognizable under the Federal Rules of Civil Procedure or this Court's inherent power. Nothing in this Order creates a presumption or implies that information designated as Protected Information actually constitutes a trade secret, is proprietary, or is otherwise protectable information. If a Receiving Party believes that any information is improperly designated under this Order, it may, at any time, contest such designation. Protected Information that is subject to such a dispute shall, until further order of this Court, be treated consistently with its designation by the Designating Party.

## 5.     USE OR DISCLOSURE OF PROTECTED INFORMATION

### 5.1     Use or Disclosure of Protected Information Generally

**5.1.1.**  Documents and things exchanged during this litigation shall only be used in this case and their use shall be governed by this Order.  Protected Information shall not be used for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings.  Protected Information shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

**5.1.2.**  No individual who has accessed or reviewed any CONFIDENTIAL – ATTORNEYS EYES ONLY INFORMATION (apart from solely financial information with such designation, such as revenues, costs, profits, and the like) or any CONFIDENTIAL – ATTORNEYS EYES ONLY – COMPUTER SOURCE CODE, produced by Defendants or their Related Entities or any notes or materials containing the same, may prosecute, supervise, or

assist (either directly or indirectly) in the prosecution of any patent application having claims directed to the particular information disclosed in Protected Information for a period ending two (2) years after the final resolution of this litigation with respect to all parties, including all appeals.  These prohibitions shall begin when access to such Protected Information is first made by the affected individual.  For purposes of this paragraph, prohibited activities shall include, without limitation: invention identification, invention evaluation, the decision whether to file a patent application for an invention, preparation of and/or amendments to original, continuation, divisional, continuation-in-part, request for continued examination, reissue, substitute, renewal or convention patent applications, office action responses, claim drafting, specification drafting, patent application drafting, drafting of any document to be filed with the United States Patents and Trademark Office or any foreign patent office on behalf of a patent holder or patent applicant, or consultation (or otherwise affecting the disclosure in patent applications) on any of the above matters with others performing these activities.  Notwithstanding the above, these prohibitions are not intended to preclude the parties' litigation counsel from participating in reexamination proceedings but under no circumstances, can individuals who have accessed or reviewed such Protected Information use that information, either directly or indirectly, in (i) the drafting and/or amending of patent claims, including in the supervising of, or assisting in, the drafting and/or amending of patent claims, or (ii) the strategy, or advising regarding the strategy, for the drafting or amending of patent claims.  Further, any person employed by, related to, or representing Plaintiff or its Related Entities who accesses or reviews such Protected Information of a Defendant shall not use that information, directly or indirectly, in the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, or design of the particular technology

or information disclosed in the Protected Information.  Each Receiving Party shall maintain a log of all persons who have reviewed or accessed any such Protected Information and, upon three (3) business days' advance notice to the Receiving Party by a Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

**5.1.3.**  No Defendant is required to produce its Protected Information to any other Defendant or Defendants, but nothing in this Order shall preclude such production. Notwithstanding the provisions of this Protective Order, Plaintiff shall not disclose one Defendant's Protected Information to any other Defendant or Defendants (except to the extent necessary in Court filings, oral argument in Court, or at trial and then only if such material is marked with the corresponding confidentiality designation under this Protective Order, filed under seal, and served only on Outside Counsel of record, subject to section 5.4.3.9 below) without the express prior written consent of the Defendant that produced the Protected Information.  As also set forth in Section 3.2 above, to the extent any Defendant objects that it has not received a complete or unredacted copy of any discovery response or expert report of Plaintiff as a result of Plaintiff's compliance with the foregoing provisions (*i.e.*, because information or analysis relating to another Defendant's Protected Information is not provided), it shall be the responsibility of the objecting Defendant (and not Plaintiff) to seek access to the redacted or missing information through meeting and conferring with the Defendant whose Protected Information is at issue (and seeking relief from the Court if necessary).

**5.1.4.**  No Receiving Party or other person receiving any Protected Information in accordance with this Order shall disclose or permit the disclosure of any such Protected Information to any other person or entity, except as provided below.

**5.1.5.**   In no event shall an employee, officer, or director of any Party to this action (other than their "Outside Counsel" or "Outside Consultant") or of any competitor of any party to this action have access to Protected Information relating to patent licensing matters, related merger and acquisition activities, or source code without a court order or the written consent of the Designating Party.

### 5.2    Disclosure of "CONFIDENTIAL INFORMATION" Discovery Material

Protected Information that has been designated "CONFIDENTIAL INFORMATION" and such copies as are reasonably necessary for maintaining, defending or evaluating this case, may be furnished and disclosed to Outside Counsel and Outside Consultants for a Receiving Party and may be made to a maximum of six (6) employees (whether staff or non-staff) in the Receiving Party's legal department at the direction of Outside Counsel involved with maintaining, defending or evaluating this case.  In the case of Plaintiff SimpleAir, which does not have a legal department, disclosure may be made to SimpleAir President John Payne.  Only pursuant to Section 5.5 below can Party employees receive materials designated as "CONFIDENTIAL INFORMATION."  No disclosure to any Party employee shall be made until after proper notice has been given to all Parties and no unresolved objections exist, as set forth in Section 5.5 below.

Protected Information that has been designated "CONFIDENTIAL INFORMATION" may be disclosed to any Outside Consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such Outside Consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such Outside Consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party;

(c) such Outside Consultant is not at the time of the disclosure involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 5.5 below.  Without the express prior written consent of the Defendant that produced the Protected Information, no Outside Consultant retained by a Defendant in this matter shall have access to "CONFIDENTIAL INFORMATION," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY -- SOURCE CODE" Discovery Material produced by another Defendant in this matter.

### 5.3    Disclosure of "CONFIDENTIAL - ATTORNEY'S EYES ONLY" Discovery Material

Absent Court order, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)   The Receiving Party's Outside Counsel, except that unless otherwise agreed no Outside Counsel who at the time of the disclosure is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a party, shall have access to Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY";

(ii)   Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)   Any Outside Consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such Outside Consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such Outside Consultant is not a current officer, director, or

employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such Outside Consultant is not at the time of the disclosure involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 5.5 below.  Without the express prior written consent of the Defendant that produced the Protected Information, no expert or consultant retained by a Defendant in this matter shall have access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY -- SOURCE CODE"  Discovery Material produced by another Defendant in this matter.

### 5.4.   Disclosure of "CONFIDENTIAL - ATTORNEY'S EYES ONLY -- SOURCE CODE" Discovery Material

To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.  Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Section 5.3 and may be disclosed solely to:

(i) The Receiving Party's Outside Counsel, except that unless otherwise agreed no Outside Counsel who at the time of the disclosure is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984) on behalf of a

party, shall have access to Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE";

(ii)     Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)    Any Outside Consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such Outside Consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) Outside Consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such Outside Consultant is not at the time of the disclosure involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and no unresolved objections to such disclosure exist after proper notice has been given to the Producing Party as set forth in Section 5.5 below.  Without the express prior written consent of the Defendant that produced the Protected Information, no expert or consultant retained by a Defendant in this matter shall have access to "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" Discovery Material produced by another Defendant in this matter.

**5.4.1**   Any Source Code that is produced by SimpleAir shall be made available for inspection in electronic format at the offices of Dovel & Luner LLP in Santa Monica, CA or any other location mutually agreed by the Parties.  Any Source Code that is produced by Research in Motion Ltd. or Research in Motion Corp. will be made available for inspection at the offices of Vinson & Elkins LLP in

Dallas, TX, or any other location mutually agreed by the Parties. Any Source Code that is produced by Apple Inc. will be made available for inspection at the offices of Kirkland & Ellis LLP in San Francisco, CA, or any other location mutually agreed by the Parties. Any Source Code that is produced by AWS Convergence Technologies, Inc. will be made available for inspection at the offices of Proskauer Rose LLP in Boston, MA, or any other location mutually agreed by the Parties. Any Source Code that is produced by Facebook, Inc. will be made available for inspection at the offices of Cooley LLP in Palo Alto, CA, or any other location mutually agreed by the Parties. Any Source Code that is produced by The Weather Channel Interactive, Inc. will be made available for inspection at the offices of Woodcock Washburn LLP, Philadelphia, PA, or any other location mutually agreed by the Parties. Any Source Code that is produced by Handmark, Inc. will be made available for inspection at the offices of Polsinelli Shughart PC in Kansas City or St. Louis, MO, or any other location mutually agreed by the Parties. Source Code will be made available for inspection between the hours of 8 a.m. and 6 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

**5.4.2** Prior to the first inspection of any requested Source Code, the Receiving Party shall provide twenty-five (25) days notice of the Source Code that it wishes to inspect. The Receiving Party shall provide fourteen (14) days notice prior to any additional inspections.

**5.4.3**   Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

**5.4.3.1** All Source Code shall be made available by the Producing Party to no more than three (3) individuals at a time, from among the Receiving Party's Outside Counsel and/or Outside Consultants, in a secure room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").  The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Producing Party shall also provide a complete directory tree listing the folders and files contained in the Source Code Computer, but only if such a directory is maintained in the ordinary course of the Producing Party's business. The directory will be stored electronically on the Source Code Computer and will be available for inspection in conjunction with review of the Source Code pursuant to the provisions of Section 5.4.3.  Absent a showing of good cause by the Receiving Party, no copies – neither printed nor

electronic – shall be made of this directory tree.  The Receiving Party's Outside Counsel and/or Outside Consultants may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least fourteen (14) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

5.4.3.2     No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

5.4.3.3     The Receiving Party's Outside Counsel and/or Outside Consultants shall be entitled to take notes relating to the Source Code but may not directly copy lines of the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself.  To facilitate this, the Producing Party shall make available a Notetaking Computer for purposes of enabling the Receiving Party's outside counsel and/or experts to take notes relating to the Source Code. The Receiving Party's outside counsel

and/or experts may not copy the Source Code into the notes. The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing of notes taken on the Notetaking Computer.  All such notes shall be deleted from the Notetaking Computer at the time of their printing.  Notwithstanding Section 6.8, notes created by Outside Counsel or Outside Consultants related to a party's own Source Code or to a Producing Party's Source Code shall not be discoverable and shall not be disclosed, except to the extent that such notes are relied upon by a testifying expert.[1]  Any and all notes made by a Receiving Party shall be marked CONFIDENTIAL – ATTORNEYS EYES ONLY – COMPUTER SOURCE CODE.

**5.4.3.4**    The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

**5.4.3.5**    No copies of any portion of the Source Code may leave the room in which the Source Code is inspected. Further, no other written or electronic record of the Source Code is permitted.  Notwithstanding the foregoing, the Receiving Party may request printed copies of portions of the Source Code believed to be reasonably necessary for the preparation of

---

[1] The parties remain in dispute concerning the discoverability of expert notes concerning source code but have agreed to abide by this provision by preserving any such notes pending the resolution of their dispute.

the infringement analysis of such party's expert. The Receiving Party shall not request the printing of Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer. Within five (5) days of printing the requested source code pages, the Producing Party shall either (i) provide two copy sets of the requested pages on red paper, marked CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – COMPUTER SOURCE CODE, to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, either party shall be entitled to seek a Court resolution of whether the printed Source Code is reasonably necessary for the preparation of the infringement analysis of such party's expert and not merely printed for the purposes of circumventing the purpose of the on-site inspection by conducting the initial review and analysis elsewhere. The burden shall be on the Producing Party to demonstrate such, except that any request to print more than five (5) pages of a continuous block of Source Code shall be presumed to be excessive (except where a routine or function is longer in length than five pages) and the burden shall in such cases be on the Receiving Party to demonstrate the need for such a printed copy.    The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.  The printed copies may be

maintained by outside counsel for the Receiving Party and by one technical expert of such party.  At all times, there shall be no more than two (2) paper copies of any portions of the Source Code received from a Producing Party.   No photocopies, transcriptions or any form of reproduction may be made of any paper copy of the Source Code provided by the Producing Party, except to the extent necessary to include in court filings made under seal and in expert reports and then only pursuant to the provisions of 5.4.3.9 below.  The Receiving Party shall maintain a log of all paper copies of the Source Code.  The log shall provide the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.   Upon three (3) business days' advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.  The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

**5.4.3.6**    All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's Outside Counsel, shall be identified in writing to the Producing Party in advance of such person's on-site review of such Source Code.  Such identification shall be in addition to any other disclosure required under this Order.  All

persons viewing Source Code shall sign on each day they view Source Code on-site a log kept by the Receiving Party that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The Producing Party shall be entitled to a copy of the log upon three (3) business days' advance notice to the Receiving Party.  Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's Outside Counsel and/or Outside Consultants shall remove all notes, documents, and all other materials from the Source Code Review Room.  The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

5.4.3.7    Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its Outside Counsel of record.

5.4.3.8    For depositions, at least five (5) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the

Producing Party shall bring printed copies of those portions of the code to the deposition for use by the Receiving Party.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought at the deposition shall be securely destroyed in a timely manner following the deposition.

5.4.3.9     Source code in any form shall be omitted from pleadings and expert reports whenever possible, and when not possible, shall be filed under seal as set forth below.  A Party shall not include Source Code in any court filing unless it reasonably and in good faith believes that it needs to submit such portion of Source Code as part of the filing.  If Source Code is included in a court filing or expert report the entire document shall be designated CONFIDENTIAL - ATTORNEY'S EYES ONLY - COMPUTER SOURCE CODE and filed under seal.  The Party making the filing shall serve an unredacted copy to the Producing Party and a version of the filing with the Source Code redacted to Outside Counsel of record for the other parties.   Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead).

5.4.3.10    Where an electronic or any other copy needs to be made for a Court filing, the Receiving Party's communication and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or

electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.  Where a Receiving Party needs to create an electronic copy of Source Code for a Court filing, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession, including the names of recipients of any such electronic copies, and the locations where the electronic copies are stored.  Additionally, any such electronic copies must be labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.  Except for to the extent necessary for court filings or expert reports, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code for use in any manner, but upon a showing of good cause by the Receiving Party, the Receiving Party's expert may make a single searchable PDF version of printed code.  Such single searchable PDF version shall be encrypted, stored on a DVD, and kept under physical security at least as secure as that provided for the printed code.

**5.5     Disclosures To Outside Consultants & Party Employees**

**5.5.1**   Subject to the requirement that the person(s) receiving the Protected Information duly execute the Confidentiality Agreement attached as Attachment A, disclosure of Protected Information may be made to Outside Consultants under Sections 5.2, 5.3 and 5.4 and a limited set of Party employees under Sections 5.2 and 5.3 (for collective reference in Section 5.5, "Person").  Prior to disclosing any Protected

Information to any Person, Outside Counsel for the Receiving Party shall determine that disclosure of particular Protected Information to a Person is, in that counsel's good faith judgment, reasonably necessary to the party's representation.

**5.5.2** Prior to the first disclosure of any of the Designating Party's Protected Information to a Person, the Receiving Party shall give at least ten (10) calendar days written notice to the Designating Party, providing:

a) the name, business title and business address of each Person to whom the disclosure is proposed to be made;

b) a copy of the Person's executed Confidentiality Agreement appended hereto as Attachment A;

c) for Outside Consultants only, a copy of their current curriculum vitae including their education;

d) for Outside Consultants only, an identification of all the past or current employment or consulting relationships, including direct relationships and relationships through entities owned or controlled by Person and including a list of any previous or current relationships (personal or professional) with any of the parties; and

e) for Outside Consultants only, a list of all other cases in which the Person has testified (at trial or deposition), all companies for which the individual has provided consulting services, either directly or through a consulting firm, and all companies by which the individual has been employed, within the last four (4) years. Such a listing, as appropriate, may itself be designated as Protected Information. Further, said

written notice shall include an identification of any individual or entity with or for whom the Person is employed or to whom the Person provides consulting services relating to the design, development, operation, acquisition of intellectual property assets, or patenting of the particular technology or information disclosed in the Protected Information. The Party seeking Protected Information shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Information to the Person.

The foregoing information need only be provided for the professional – i.e., Outside Counsel, Outside Consultant, in-house counsel – to whom Protected Information is proposed to be disclosed, not that professional's staff or those working at the direction of that professional.

5.5.3   No disclosure of Protected Information shall be made to such Person and/or staff until after the expiration of the foregoing notice period of ten (10) calendar days.

5.5.4   If, during the ten (10) calendar days notice period the Producing Party serves a good faith objection to the proposed disclosure to showing the Person Protected Information, there shall be no disclosure of said Protected Information to such Person pending resolution of the objection. Consent to the disclosure of Protected Information to the Person shall not be unreasonably withheld. The Producing Party objecting to disclosure of Protected Information to the Person shall provide an explanation of the basis of its objection. If a Producing Party objects to the

disclosure of Protected Information to a Person, the parties shall meet and confer and attempt in good faith to resolve the dispute on an informal basis. The Receiving Party shall have five (5) calendar days after Producing Party's objection is served to respond to the objection. The Producing Party shall then have five (5) calendar days after such response is served to file an objection with the court and seek a motion for protection or disqualification of the Person or other appropriate relief, if the parties cannot come to an agreement. No Protected Information shall be provided to the proposed Person until after resolution of the objection either by the parties or by the Court. If the Producing Party fails to file an objection and motion for protection with the Court within the prescribed period, then any objection to the Person is waived, and any Protected Information may be thereafter disclosed to such individual.

**5.5.5**   For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

**5.6**   **Public Documents**

None of the restrictions set forth in this Order shall apply to any documents or other information that becomes public knowledge by means not in violation of the provisions of this Order. Nothing in this Order shall prevent a party from using any information that the party properly possessed prior to receipt of any Protected Information from the other party or a non-party or that is discovered independently by the Receiving Party. In addition, the terms of the

treatment of the Protected Information shall be effective only upon the effective date of this Order.

### 5.7      Disclosure to Author or Recipient

Notwithstanding any other provision, nothing in this Order shall prohibit Outside Counsel for a party from disclosing Protected Information to any person whom the Discovery Material clearly identifies as an author, addressee, or carbon copy recipient of such Discovery Material. In addition, regardless of its designation, if Discovery Material makes reference to the actual or alleged conduct or statement of a person, Outside Counsel may discuss such conduct or statements with such person, provided that such discussions do not disclose or reveal any other portions of the document.

### 5.8      Disclosure of Party's Own Information

The restrictions on the use of Discovery Material established by the Order are applicable only to Discovery Material received by a party from another party or from a non-party as a direct result of this litigation. Any party is free to use its own Discovery Material for any purpose, and no use by the Producing Party shall affect or otherwise act as a waiver with respect to the confidential status of that information.

### 5.9      Disclosure to the Court or Jury

Disclosure of Protected Information may be made to this Court, its personnel and the jury for this case. Nevertheless, any Discovery Material designated as Protected Information that is filed and/or electronically filed ("e-filed") with the Court shall be filed and/or e-filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms of this Order.   A party e-filing any paper that reflects or contains any Protected Information shall file such paper according to the Eastern District of Texas Local Rule CV-

5(a)(7).  In the event it is necessary to file a hard copy of a document with the Court, the party filing any paper that reflects or contains any Protected Information shall file such paper in a sealed envelope bearing the title of this case, the case number, the name of the party filing the paper, the legend "CONFIDENTIAL," and a statement substantially in the following form:

> This envelope contains documents subject to a protective order of the Court entered on [date of order].  It should not be opened nor its contents disclosed, revealed or made public except by order of the Court or agreement of the parties.

If a party intends to use Protected Information in the Courtroom, the party must first provide fourteen (14) days notice to the Producing Party so that the Producing party can move the Court to seal or close the Courtroom.

### 5.10   Disclosure to Necessary Personnel

Subject to the requirement that the person(s) receiving the Protected Information duly execute the Confidentiality Agreement attached as Attachment A, disclosure of Protected Information may be made to court reporters, independent shorthand reporters, videographers, interpreters, or translators engaged for depositions or proceedings necessary to this case.

### 5.11   Disclosure to Vendors and Graphics/Trial Consultants

Disclosure of Protected Information may be made to employees of outside vendors providing copy services, document and exhibit preparation services, and jury consultant services, mock jurors (but mock jurors and jury consultants shall not have access to documents designated "CONFIDENTIAL - ATTORNEY'S EYES ONLY INFORMATION" OR "CONFIDENTIAL - ATTORNEY'S EYES ONLY -- COMPUTER SOURCE CODE", but may have access to "CONFIDENTIAL INFORMATION" subject to duly executing the Confidentiality Agreement attached as Attachment A), or other counsel retained by the client or by counsel who have not entered an appearance in the lawsuit in connection with this case.

### 5.12    Disclosure During Depositions

Except as otherwise approved by the Designating Party or by an order of this Court—a party may use Protected Information in deposing only: (a) an individual who has had or who is eligible to have access to the Protected Information by virtue of their employment with the Designating Party; (b) an individual identified in the Protected Information as an author, addressee, or carbon copy recipient of such information; (c) an individual who although not identified as an author, addressee, or carbon copy recipient of such Protected Information, has, in the ordinary course of business, seen such Protected Information, or (d) an Outside Consultant.

No one may attend or review the transcripts of the portions of any depositions during which Protected Information is shown or discussed other than those individuals qualified to see such Protected Information as set forth in this Order.

### 5.13    Disclosure Pursuant to Subpoena

If any entity subpoenas or orders production of Protected Information from a Receiving Party that a Receiving Party has obtained subject to this Order, such party shall promptly notify the Designating Party of the pendency of the subpoena or order and shall provide the Designating Party a reasonable opportunity to object or take other appropriate steps to protect the information.

### 5.14    Inadvertent Disclosure of Protected or Privileged Information

Inadvertent failure to designate as Protected Information or the inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is Protected Information, privileged, or protected by the work product immunity or any other applicable privilege.  If the Producing Party discovers that

information produced in discovery should have been withheld on the basis of privilege, the Producing Party must provide written notice to all other Parties that have received that information. Such inadvertently produced or disclosed documents or information, including all copies thereof, shall be returned to the Producing Party immediately upon request, and the Receiving Party shall immediately destroy (and certify as such) any notes or other writing or recordings that summarize, reflect, or discuss the content of such privileged or Protected Information. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure or use of privileged information occurring before the Receiving Party was placed on notice of the Producing Party's claims of privilege.  No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned.   In the case of an inadvertent production of documents or information containing Protected Information which are not designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Producing Party will reproduce any such documents with the appropriate designation and make a good faith attempt to do so promptly.   In the case of inadvertently produced or disclosed privileged documents, the Producing Party shall include the Discovery material in a privilege log identifying such inadvertently produced or disclosed documents. The Receiving Party may move the Court for an order compelling production of any inadvertently produced or disclosed privileged documents or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.

In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall promptly notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure, including but not limited to identification of all unauthorized individuals to whom the Discovery Material was improperly disclosed.   The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

### 5.15    Duty to Return or Destroy Discovery Material

Upon conclusion of the above-captioned case (including all appeals), a Receiving Party, at the request of a Designating Party, shall promptly take reasonable steps to return or destroy all Discovery Material containing Protected Information (other than pleadings, discovery responses and exhibits contained in the official court record, and attorney or consultant work product documents, but not document productions) from such Designating Party.   However, any pleadings, correspondence, and consultant work product that contain Source Code must be returned or destroyed.   Counsel for any party or non-party receiving Protected Information shall, at the request of a Designating Party after conclusion of the above-captioned case (including all appeals) promptly make written certification of compliance with this provision and shall deliver the same to counsel for the Designating Party.

**6.      Miscellaneous**

**6.1      Continuing Jurisdiction**

After the conclusion of the above-captioned case, the provisions of this Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the parties and any other person who has had access to Protected Information pursuant to this Order, in order to enforce the provisions of this Order.

**6.2      Interpretation**

Should the parties have any issues concerning the interpretation of this Order, before any party moves for this Court's assistance, they shall first endeavor to promptly meet and confer to resolve the dispute. The headings used in this Order are supplied for convenience only and shall not be taken into account in the interpretation of this Order.

**6.3      Modification**

This Order may be modified by this Court for good cause shown or by mutual written agreement between the parties and this Court's approval of such agreement. The Court may enter a subsequent order addressing the use of Protected Information at trial or at the conclusion of the above-captioned case or cases between the same parties or Related Entities as to any party.

**6.4      Outside Counsel's Communication with Client**

Nothing in this Order shall preclude or impede Outside Counsel's ability to communicate with or advise their client based on their review and evaluation of Protected Information produced by the opposing party, provided that such communications or advice shall not disclose or reveal Protected Information in violation of this Order.[2]

---

[2] The parties remain in dispute concerning an additional provision Plaintiff seeks to add to this section but have agreed to abide by the section as shown above pending the resolution of their dispute.

### 6.5     No Probative Value

The Order shall not aggregate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Protected Information. The fact that information is designated "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEY'S EYES ONLY," or "CONFIDENTIAL - ATTORNEY'S EYES ONLY - COMPUTER SOURCE CODE" under this Order shall not be deemed to be determinative of what a trier of fact may determine to actually be "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEY'S EYES ONLY," or "CONFIDENTIAL - ATTORNEY'S EYES ONLY - COMPUTER SOURCE CODE." This Order shall be without prejudice to the right of any party to bring before the Court questions regarding (a) whether any particular material is or is not properly designated or (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection under the terms of this Order, provided that in doing so, the party complies with the procedures set forth herein. The fact that any information is disclosed, used, or produced in any court proceeding in this case shall not be offered in any action proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

### 6.6     Logging of Privileged Materials

The Parties agree that the privilege logs need not identify attorney-client communications to/from, or attorney work product created by, each party's counsel in this action created on or after September 23, 2009.  In addition, the parties agree that SimpleAir's privilege log need not identify attorney-client communications to/from, or attorney work product created by, SimpleAir's litigation counsel Dovel & Luner LLP relating to SimpleAir's prior litigation

regarding the patents-in-suit for the following time periods:  February 10, 2006 to July 17, 2006; and October 27, 2006 to January 21, 2009.[3]

**6.7      Successors**

This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

**6.8      Discovery From Outside Consultants**

**6.8.1**   Outside Consultants retained as testifying experts shall not be subject to discovery of any draft of his or her report in this case or other cases that was written by the testifying expert or his or her staff.   Notes or outlines for reports or declarations (whether drafts or finals) developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

**6.8.2**   Discovery of materials provided to Outside Consultants acting as testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony or any opinion in this case.  No discovery can be taken from any consulting expert who does not testify except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony or any opinion in this case.

---

[3] The parties remain in dispute concerning the extent to which Plaintiff should be required to log privileged pre-filing materials relating to Plaintiff's litigation counsel.  Pending the resolution of that dispute, Plaintiff will not be required to log any such materials.

**6.8.3**   No conversations or communications between a Party or its counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports disclosed pursuant to Fed. R. Civ. P. 26(a)(2), or trial or deposition testimony in this case. The billing records of a testifying expert are subject to discovery, but they may be redacted to the extent they record the substance of conversations or communications with counsel.

**6.8.4**   Materials, communications and other information exempt from discovery under the foregoing Paragraphs shall be treated as attorney work product for the purposes of this litigation and Protective Order.

**6.9**      **Right to Assert Other Objections**

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

SIGNED this 21st day of December, 2010.


CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

I, _____, acknowledge and declare that I have received a

copy of the Protective Order ("Order") in *SimpleAir, Inc. v. AWS Convergence Techs., Inc.,*

*et al.*, United States District Court, Eastern District of Texas, Marshall Division, Civil Action

No. 2:09-cv-289.  Having read and understood the terms of the Order, I agree to be bound by

the terms of the Order and consent to the jurisdiction of said Court for the purpose of any

proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____
[Signature]

**EXHIBIT A - AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**