**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SIMPLEAIR, INC.,<br><br>     Plaintiff,<br><br>     v.<br><br>AWS CONVERGENCE TECHNOLOGIES, INC., ET AL.,<br><br>     Defendants. | Case No. 2:09-cv-289-MHS<br><br><br>JURY DEMANDED |

**<u>JOINT PRETRIAL ORDER</u>**
**(Trial scheduled for April 23, 2012)**

    This cause came before the court at a pre-trial management conference held on April 5,

2012, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

**A.    COUNSEL FOR THE PARTIES**

    **1.    Counsel for Plaintiff SimpleAir**

| | |
|---|---|
| Gregory S. Dovel<br>CA State Bar No. 135387<br>(admitted to practice in Eastern District of Texas)<br>John Jeffrey Eichmann<br>CA State Bar. No. 227472<br>(admitted to practice in Eastern District of Texas)<br>DOVEL & LUNER, LLP<br>201 Santa Monica Blvd., Suite 600<br>Santa Monica, CA 90401<br>Telephone: 310-656-7066<br>Email:  greg@dovellaw.com<br>Email:  jeff@dovellaw.com | S. Calvin Capshaw<br>State Bar No. 03783900<br>Elizabeth L. DeRieux<br>State Bar No. 05770585<br>Capshaw DeRieux LLP<br>114 E. Commerce<br>Gladewater, Texas 75647<br>Telephone:  (903) 236-9800<br>Email:  ccapshaw@capshawlaw.com<br>Email:  ederieux@capshawlaw.com |

2.       **Counsel for Defendants**

Defendant / Counterclaim Plaintiff Apple Inc.:

| | |
|---|---|
| Eric M. Albritton<br>Texas State Bar No. 00790215<br>ALBRITTON LAW FIRM<br>P.O. Box 2649<br>Longview, Texas 75606<br>Telephone: (903)757-8449<br>Facsimile: (903)758-7397<br>Email: ema@emafirm.com | Gregory S. Arovas<br>KIRKLAND & ELLIS LLP<br>Citigroup Center 153 East 53rd Street<br>New York, New York 10022<br>Telephone: 212 446 4800<br>Facsimile: 212 446 4900<br>Email: gregory.arovas@kirkland.com<br><br>Adam R. Alper<br>Ryan Casamiquela<br>KIRKLAND & ELLIS LLP<br>555 California Street, Floor 24<br>San Francisco, California  94104<br>Telephone: 415 439 1400<br>Facsimile: 415 439 1500<br>Email: adam.alper@kirkland.com<br>Email: ryan.casamiquela@kirkland.com<br><br>Gianni Cutri<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois  60654<br>Telephone: 312 862 2000<br>Facsimile: 312 852 2200<br>Email: gianni.cutri@kirkland.com<br><br>Edward C. Donovan<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth Street, N.W.<br>Washington, DC  20005<br>Telephone: 202 879 5000<br>Facsimile: 202 879 5200<br>Email: edward.donovan@kirkland.com<br><br>Michael Woodrow DeVries<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, CA  90071<br>Telephone: 213 680 8400<br>Facsimile: 213 680 8500<br>Email: michael.devries@kirkland.com |

Defendants Research In Motion Limited and Research In Motion Corporation

| | |
|---|---|
| Harry Lee Gillam, Jr.<br>Texas Bar No. 07921800<br>gil@gillamsmithlaw.com<br>GILLAM & SMITH<br>303 S. Washington Avenue<br>Marshall, TX 75670<br>Tel.: (903)934-8450<br>Fax: (903)935-9257 | Mark G. Matuschak<br>*Pro Hac Vice*<br>mark.matuschak@wilmerhale.com<br>WILMER CUTLER PICKERING HALE & DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Tel.: (617)526-6000<br>Fax: (617)526-5000 |
| E. Leon Carter<br>Texas State Bar No. 03914300<br>lcarter@carterstafford.com<br>CARTER STAFFORD ARNETT HAMADA<br>MOCKLER, PLLC<br>8150 N. Central Expressway<br>Suite 1950<br>Dallas, TX 75206<br>Tel.: (214)550-8188<br>Fax: (214)550-4881 | James M. Dowd<br>*Pro Hac Vice*<br>james.dowd@wilmerhale.com<br>WILMER CUTLER PICKERING HALE & DORR LLP<br>350 South Grand Avenue, Suite 2100<br>Los Angeles, CA 90071<br>Tel.: (213)443-5300<br>Fax: (213)443-5400 |

## B.   STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201-02, § 1331, and § 1338(a) because this action arises under the patent laws of the United States, Title 35 of the United States Code.  Jurisdiction is not disputed in this case is based on 28 U.S.C. §§ 1331 and 1338.

## C.   NATURE OF ACTION.

This is a patent infringement case. Plaintiff SimpleAir, Inc. ("SimpleAir") alleges that Defendant Apple, Inc. ("Apple") infringes each of U.S. Patent Nos. 6,021,433 (the '433 patent), 7,035,914 (the '914 patent), 6,167,426 (the '426 patent), and 6,735,614 (the '614 patent) and that Defendants Research In Motion Limited and Research In Motion Corporation (collectively, "RIM") infringes the '433 patent and the '914 patent.  Plaintiff seeks monetary damages in the form of a reasonable royalty.  Plaintiff reserves the right to seek injunctive relief following a

finding of infringement and affirmance on appeal to avoid the need for bring future lawsuits against Defendants.

In response, Defendants deny that they have infringed—literally or under the doctrine of equivalents—any of the claims asserted by SimpleAir.  Defendants also deny that they jointly infringe the patents-in-suit.  Defendants assert various affirmative defenses, including defenses regarding patent invalidity, license, and various limitations on damages.  Defendants deny that SimpleAir is entitled to injunctive relief.  Additionally, Apple asserts counterclaims for declaratory judgment of non-infringement and patent invalidity.

## D.    CONTENTIONS OF THE PARTIES

### Plaintiff SimpleAir's contentions

*Apple infringement:*

1.    SimpleAir contends that Defendant Apple has directly infringed the '433 patent and the '914 patent in violation of 35 U.S.C. §271(a) by using, offering for sale, and selling the methods claimed by Claims 1, 3, 7, 22, 23, 24, 25, 69 and 70 of each of these patents.  Generally speaking, Apple's accused method is the method by which the Apple Push Notification service (APNs) processes and sends push notification messages to the iOS devices (the iPhone, iPad, and iPod Touch).

2.    SimpleAir contends that Defendant Apple has directly infringed the '426 patent and the '614 patent in violation of 35 U.S.C. §271(a) by using, offering for sale, and selling the methods claimed by Claim 1 of the '426 patent and Claims 1, 2, 3, 4, and 5 of the '614 patent.  Generally speaking, Apple's accused method is the method by which Apple's Game Center service allows users and game application providers to register information and generate and

send push notification messages (such as game invitations and notifications) to the iOS devices (the iPhone, iPad, and iPod Touch).

*RIM infringement:*

3.     SimpleAir contends that Defendant RIM has directly infringed the '433 patent and the '914 patent in violation of 35 U.S.C. §271(a) by using, offering for sale, and selling the methods claimed by Claims 1, 3, 7, 22, 23, 24, 69 and 70 of each of these patents.  Generally speaking, RIM's accused method is the method by which the BlackBerry Push Data Service (BPDS) processes and sends push notification messages to the BlackBerry smartphones.

*Damages:*

4.     SimpleAir contends that it has been damaged by Defendants' infringement of the asserted patents and is entitled to damages of not less than a reasonable royalty under 35 U.S.C. §284 and prejudgment interest.  SimpleAir contends that any damages award can only be based on infringement occurring up to the time of trial and therefore would not compensate SimpleAir for infringement occurring after the time of trial and through the expiration of the patents.

*Defendants' affirmative defenses and counterclaims:*

5.     SimpleAir contends that the asserted claims of the '433, '914, '426, and '614 patents (listed above) are not invalid for any reason, including under Sections 102, 103, and 112 of the Patent Act.

6.     SimpleAir contends that Defendants do not have any valid defense or counterclaim, in law or in equity, of license, patent exhaustion, waiver, laches, estoppel, or unenforceability.

7.     SimpleAir contends that Defendants are not entitled to a finding in their favor that this case is exceptional under Section 285 or to any other damages, attorneys' fees, or costs

under the Patent Act or any other law or basis in equity.

* * *

SimpleAir reserves the right to include additional contentions based on the Court's rulings on pending or anticipated motions or on events or disclosures that occur subsequent to the date of the filing of the parties joint pretrial order.

### Defendants' contentions

### Apple's Contentions

1.      Apple does not infringe the Asserted Claims of the '433 patent, *i.e.,* claims 1, 3, 7, 22, 23, 24, 25, 69, and 70, directly or indirectly, either literally or under the doctrine of equivalents.

2.      Apple does not jointly infringe the Asserted Claims of the '433 patent.

3.      Apples does not direct and control third-party application providers to perform any element of the Asserted Claims of the '433 patent.

4.      Apple does not infringe the Asserted Claims of the '914 patent, *i.e.,* claims 1, 3, 7, 22, 23, 24, 25, 69, and 70, directly or indirectly, either literally or under the doctrine of equivalents.

5.      Apple does not jointly infringe the Asserted Claims of the '914 patent.

6.      Apple does not direct and control third-party application providers to perform any element of the Asserted Claims of the '914 patent.

7.      Apple does not infringe the Asserted Claims of the '426 patent, *i.e.,* claim 1, directly or indirectly, either literally or under the doctrine of equivalents.

8.      Apple does not jointly infringe the Asserted Claims of the '426 patent.

9.      Apple does not direct and control third-party application providers to perform any element of the Asserted Claims of the '426 patent.

10.     Apple does not infringe the Asserted Claims of the '614 patent, *i.e.,* claims 1, 2, 3, 4, and 5, directly or indirectly, either literally or under the doctrine of equivalents.

11.     Apple does not jointly infringe the Asserted Claims of the '614 patent.

12.     Apple does not direct and control third-party application providers to perform any element of the Asserted Claims of the '614 patent.

13.     Apple is licensed to the patents-in-suit with respect to alleged uses by licensed providers, including Facebook Inc., Yahoo! Inc., Disney Online, and eBay, Inc.

14.     SimpleAir's patent rights are exhausted by its licenses to licensed providers, including Facebook Inc., Yahoo! Inc., Disney Online, and eBay, Inc.

15.     The Asserted Claims of the '433 patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

16.     Provisional Application No. 60/010,651 is insufficient under 35 U.S.C. §§ 111, 112, and 113 to support a claim of priority for any Asserted Claim of the '433 patent. Accordingly, the Asserted Claims of the '433 patent are entitled to a priority date no earlier than March 29, 1996.

17.     The Asserted Claims of the '914 patent are invalid under 35 U.S.C. §§ 102, 103, and 112.

18.     Provisional Application No. 60/010,651 is insufficient under 35 U.S.C. §§ 111, 112, and 113 to support a claim of priority for any Asserted Claim of the '914 patent. Accordingly, the Asserted Claims of the '914 patent are entitled to a priority date no earlier than March 29, 1996.

19.     The Asserted Claims of the '426 patent are invalid under 35 U.S.C. §§ 102, 103, and 112.

20.     The Asserted Claims of the '426 patent are entitled to a priority date no earlier than November 15, 1996.

21.     The Asserted Claims of the '614 patent are invalid under 35 U.S.C. §§ 102, 103, and 112.

22.     The Asserted Claims of the '614 patent are entitled to a priority date no earlier than November 15, 1996.

23.     SimpleAir is not entitled to damages of any kind.  Further, SimpleAir is not entitled to any pre-judgment or post-judgment interests, costs, or attorneys fees.

24.     SimpleAir is not entitled to injunctive relief.

25.     Apple is entitled to a declaration that it does not infringe any of the Asserted Claims of the patents-in-suit.

26.     Apple is entitled to a declaration that the patents-in-suit are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

27.     Apple is entitled to reasonable costs and attorney fees.

**RIM's Contentions**

1.     RIM does not directly or indirectly infringe claims 1, 2, 3, 7, 22, 23, 24, 69 or 70 of the '433 patent

2.     RIM does not directly or indirectly infringe claims 1, 2, 3, 7, 22, 24, 69 or 70 of the '914 patent.

3.     RIM does not direct or control any third-party application provider to perform any step of the Asserted Claims of the '433 patent.

4.     RIM does not direct or control any third-party application provider to perform any step of the Asserted Claims of the '914 patent.

5.      The Asserted Claims of the '433 patent are invalid under 35 U.S.C. Sections 102 and/or 103.

6.      The Asserted Claims of the '914 patent are invalid under 35 U.S.C. Sections 102 and/or 103.

7.      RIM is licensed to the patents-in-suit with respect to alleged uses by licensed providers, e.g., Facebook Inc., Yahoo! Inc., Disney Online, eBay, Inc.

8.      SimpleAir's patent rights are exhausted by its licenses to licensed providers, e.g., Facebook Inc., Yahoo! Inc., Disney Online, eBay, Inc.

9.      SimpleAir is not entitled to injunctive relief.

10.     SimpleAir is not entitled to damages, attorney's fees, costs, or pre- or post-judgment interest.

11.     RIM is entitled to recover costs and attorneys fees from SimpleAir

## E.      STIPULATIONS AND UNCONTESTED FACTS

### Stipulations

1.      Subject matter jurisdiction is proper in this Court.

2.      The parties do not contest that the Court has personal jurisdiction over the parties in the litigation.[12]

3.      Defendants Research In Motion Limited and Research In Motion Corporation shall be deemed jointly and severally liable for any finding or judgment of infringement relating to their accused BlackBerry Push Data Service (BPDS).  In addition, Plaintiff will not be

---

[1]      In accordance with Apple's prior motion, Apple contends that venue would be more convenient in California.  *See* Dkt. No. 98.  This Court denied Apple's motion.  *See* Dkt. No. 213.

[2]      In accordance with RIM's pending motion to transfer, RIM contends that venue would be more convenient in the Northern District of Texas.  *See* Dkt. No. 273.

required to submit – at trial or at any other stage of this lawsuit – evidence of infringement that is specific to one of the foregoing RIM defendants as opposed to the other.  The evidence regarding the accused BPDS will be deemed applicable to both of the RIM defendants individually and collectively.

4.       The parties are cooperating to decrease the number of exhibits and deposition designations on their respective lists.  The parties will exchange amended exhibit lists and deposition designations on dates to be agreed upon by the parties.

5.       The parties agree to continue to further meet and confer to resolve their objections to the other party's deposition designations and exhibits.  The parties agree to endeavor to enter into stipulations as to the authenticity and use of produced documents during this meet and confer.

6.       During trial, each party shall provide notice by email no later than 7 p.m. each day of all witnesses intended to be presented during direct examination two days later at trial.  Such notice shall indicate whether each witness will be presented live or by deposition and the order of call of such witnesses.  In other words, if a witness will testify on a Wednesday, the witness must be identified by 7 p.m. on the previous Monday.   For each witness being presented by deposition, the disclosing party shall also designate those portions of the deposition it intends to present.  The receiving party shall provide objections to such witnesses by 7 p.m. the following day.  Such objections shall include objections and counter-designations to deposition designations.

7.       During trial, each party shall provide notice by email no later than 7 p.m. each day a good faith identification of all exhibits expected to be used with each witness during direct

examination the following day at trial, and the receiving party shall provide objections to such exhibits by 9 p.m.

8.    During trial, each party shall provide by email no later than 7 p.m. each day a copy of all demonstratives that are intended to be presented during direct examination the following day at trial, and the receiving party shall provide objections to such demonstratives by 9 p.m.

9.    The parties shall make good faith efforts to resolve objections over the use of identified witnesses, testimony, exhibits, and demonstratives prior to the subsequent trial day by participating in a meet and confer following the identification of and objection to witnesses, testimony, exhibits, and demonstratives each day.

10.    The parties request that the Court present a tutorial video from the Federal Judicial Center regarding the U.S. Patent Office to the members of the jury as party of its preliminary instructions to the jury.

**Uncontested Facts[3]**

1.    Plaintiff SimpleAir is the owner of U.S. Patent Nos. 6,021,433, 7,035,914, 6,167,426, and 6,735,614 and of all rights to seek and recover damages for any past infringement of the patents.

2.    Apple is a California Corporation having its principal place of business in Cupertino, California.

---

[3] SimpleAir's stipulation to the items listed in this section is made solely based on the evidence discovered and produced in this case and solely for purposes of this trial.  In addition, SimpleAir's understanding is that the items included in this section will not be announced or stated to the jury (by the Court or otherwise) absent further agreement by the parties or Order of this Court.

11

3.      U.S. Patent No. 6,021,433 (the "'433 patent") is entitled "System and Method for Transmission of Data" and bears an issuance date of February 1, 2000.

4.      The '433 patent identifies the following related applications: Provisional Application  No. 60/010,651 filed January 26, 1996; Provisional Application No. 60/014,341 filed March 29, 1996; Provisional Application No. 60/014,735 filed April 1, 1996; and Provisional Application No. 60/026,471 filed September 23, 1996.

5.      The Asserted Claims of the '433 patent are entitled to a priority date no earlier than March 29, 1996.

6.      U.S. Patent No. 7,035,914 (the "'914 patent") is entitled "System and Method for Transmission of Data" and bears an issuance date of April 25, 2006.

7.      The '914 patent identifies the following related applications: U.S. Patent Application No. 08/788,613 filed January 24, 1997; Provisional Application No. 60/026,471 filed September 23, 1996; Provisional Application No. 60/014,735 filed April 1, 1996; Provisional Application No. 60/014,341 filed March 29, 1996; Provisional Application No. 60/010, 651 filed January 26, 1996.

8.      Asserted Claims 22, 23, 24, 25, and 70 of the '914 patent are entitled to a priority date no earlier than March 29, 1996.

9.      Asserted Claims 1, 2, 3, 7, and 69 of the '914 patent are entitled to a priority date no earlier than January 26, 1996.

10.     U.S. Patent No. 6,167,426 (the "'426 patent") is entitled "Contact Alerts for Unconnected Users" and bears an issuance date of December 26, 2000.

11.     The '426 patent identifies the following related application: Provisional Application No. 60/030,839 filed November 15, 1996.

12

12.     The Asserted Claims of the '426 patent are entitled to a priority date no earlier than November 15, 1996.

13.     U.S. Patent No. 6,735,614 (the "'614 patent") is entitled "Contact Alerts for Unconnected Users" and bears an issuance date of May 11, 2004.

14.     The '614 patent identifies the following related applications: U.S. Patent Application No. 08/970,655 filed November 14, 1997; and Provisional Application No. 60/030,839 filed November 15, 1996.

15.     The Asserted Claims of the '614 patent are entitled to a priority date no earlier than November 15, 1996.

16.     SimpleAir does not allege that any RIM product or system infringes the '426 patent.

**F.     CONTESTED ISSUES OF FACT AND LAW**

**Plaintiff SimpleAir's contested issues of fact and law**

*Contested issues of fact:*

1.     Whether Defendant Apple has directly infringed the '433 patent and the '914 patent in violation of 35 U.S.C. §271(a) by using, offering for sale, and selling the methods claimed by Claims 1, 3, 7, 22, 23, 24, 25, 69 and 70 of each of these patents.

2.     Whether Defendant Apple has directly infringed the '426 patent and the '614 patent in violation of 35 U.S.C. §271(a) by using, offering for sale, and selling the methods claimed by Claim 1 of the '426 patent and Claims 1, 2, 3, 4, and 5 of the '614 patent.

3.     Whether Defendant RIM has directly infringed the '433 patent and the '914 patent in violation of 35 U.S.C. §271(a) by using, offering for sale, and selling the methods claimed by Claims 1, 3, 7, 22, 23, 24, 69 and 70 of each of these patents.

4.      Whether SimpleAir is entitled to the reasonable royalty damages it seeks if Defendants are found to infringe.

5.      Whether Defendants can prove by clear and convincing evidence that the asserted claims of the patents are invalid under Section 102, 103, or 112 of the Patent Act.

6.      Whether Defendants can prove any of their affirmative defenses or counterclaims.

*Contested issues of law:*

7.      Whether SimpleAir is entitled to prejudgment interests on any damages awarded.

8.      Whether Defendants are entitled to a finding that this case is exceptional, or to attorneys fees, or costs.

### Defendants' contested issues of fact and law

**Apple's Contested Issues of Fact and Law**

Apple identifies the following issues of fact and law that remain to be litigated.  Apple reserves the right to identify additional issues of fact and law that may arise.

1.      Whether Apple infringes the Asserted Claims of the '433 patent, *i.e.,* claims 1, 3, 7, 22, 23, 24, 25, 69, and 70, directly or indirectly, either literally or under the doctrine of equivalents.

2.      Whether Apple jointly infringes the Asserted Claims of the '433 patent.

3.      Whether Apple directs and controls third-party application providers to perform any element of the Asserted Claims of the '433 patent.

4.      Whether Apple infringes the Asserted Claims of the '914 patent, *i.e.,* claims 1, 3, 7, 22, 23, 24, 25, 69, and 70, directly or indirectly, either literally or under the doctrine of equivalents.

5.      Whether Apple jointly infringes the Asserted Claims of the '914 patent.

14

6.      Whether Apple directs and controls third-party application providers to perform any element of the Asserted Claims of the '914 patent.

7.      Whether Apple infringes the Asserted Claims of the '426 patent, *i.e.,* claim 1, directly or indirectly, either literally or under the doctrine of equivalents.

8.      Whether Apple jointly infringes the Asserted Claims of the '426 patent.

9.       Whether Apple directs and controls third-party application providers to perform any element of the Asserted Claims of the '426 patent.

10.      Whether Apple infringes the Asserted Claims of the '614 patent, *i.e.,* claims 1, 2, 3, 4, and 5, directly or indirectly, either literally or under the doctrine of equivalents.

11.      Whether Apple jointly infringes the Asserted Claims of the '614 patent.

12.      Whether Apple directs and controls third-party application providers to perform any element of the Asserted Claims of the '614 patent.

13.      Whether Apple is licensed to the patents-in-suit with respect to alleged uses by licensed providers, including Facebook Inc., Yahoo! Inc., Disney Online, and eBay, Inc.

14.      Whether SimpleAir's patent rights are exhausted by its licenses to licensed providers, including Facebook Inc., Yahoo! Inc., Disney Online, and eBay, Inc.

15.      Whether the Asserted Claims of the '433 patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

16.      Whether the Asserted Claims of the '914 patent are invalid under 35 U.S.C. §§ 102, 103, and 112.

17.      Whether Provisional Application No. 60/010,651 is insufficient under 35 U.S.C. §§ 111, 112, and 113 to support a claim of priority for Asserted Claims 1, 2, 3, 7, and 69 of the '914 patent so that those claims are entitled to a priority date no earlier than March 29, 1996.

15

18.     Whether the Asserted Claims of the '426 patent are invalid under 35 U.S.C. §§ 102, 103, and 112.

19.     Whether the Asserted Claims of the '614 patent are invalid under 35 U.S.C. §§ 102, 103, and 112.

20.     Whether SimpleAir is entitled to damages of any kind, including any pre-judgment or post-judgment interests, costs, or attorneys fees and, if so, the proper amount.

21.     Whether SimpleAir is entitled to injunctive relief.

22.     Whether Apple is entitled to a declaration that it does not infringe any of the Asserted Claims of the patents-in-suit.

23.     Whether Apple is entitled to a declaration that the patents-in-suit are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

24.     Whether this action is an exceptional case such that SimpleAir is entitled to its costs and/or attorneys fees and, if so, the proper amount of such costs and/or attorneys fees.

25.     Whether this action is an exceptional case such that Apple is entitled to its costs and/or attorneys fees and, if so, the proper amount of such costs and/or attorneys fees.

26.     Whether the evidence that Apple expects SimpleAir to introduce in its efforts to prove infringement or argue validity of the patents-in-suit is admissible under the Federal Rules of Evidence and/or controlling case law.

**RIM's List of Contested Facts and Issues of Law**

1.     Whether SimpleAir can establish that RIM directly infringes claims 1, 2, 3, 7, 22, 23, 24, 69 or 70 of the '433 patent

2.     Whether SimpleAir can establish that RIM directly infringes claims 1, 2, 3, 7, 22, 23, 24, 69 or 70 of the '914 patent.

3.      Whether SimpleAir can establish that RIM directs or controls any third-party application provider to perform any step of the Asserted Claims of the '433 patent.

4.      Whether SimpleAir can establish that RIM directs or controls any third-party application provider to perform any step of the Asserted Claims of the '914 patent.

5.      Whether RIM operated the BPDS servers exclusively outside of the United States before October 30, 2010.

6.      Whether the Asserted Claims of the '433 patent are invalid under 35 U.S.C. Sections 102 and/or 103.

7.      Whether the Asserted Claims of the '914 patent are invalid under 35 U.S.C. Sections 102 and/or 103.

8.      Whether RIM is licensed to the patents-in-suit with respect to alleged uses by licensed providers, e.g., Facebook Inc., Yahoo! Inc., Disney Online, eBay, Inc..

9.      Whether SimpleAir's patent rights are exhausted by its licenses to licensed providers, e.g., Facebook Inc., Yahoo! Inc., Disney Online, eBay, Inc.

10.     Whether SimpleAir has ever sold any products or services.

11.     If the Asserted Claims of the '433 patent are not found to be invalid and if RIM is found to infringe any of the asserted claims, whether SimpleAir is entitled to injunctive relief.

12.     If the Asserted Claims of the '914 patent are not found to be invalid and if RIM is found to infringe any of the asserted claims, whether SimpleAir is entitled to injunctive relief.

13.     If the Asserted Claims of the '433 patent are not found to be invalid and if RIM is found to infringe any of the asserted claims, whether SimpleAir is entitled to damages.

14.     If the Asserted Claims of the '914 patent are not found to be invalid and if RIM is found to infringe any of the asserted claims, whether SimpleAir is entitled to damages.

15.     If SimpleAir is found to be entitled to damages, the amount of damages SimpleAir should be awarded.

16.     If SimpleAir is found to be entitled to damages, whether SimpleAir is precluded from recovering damages for use that occurred before October 30, 2010.

17.     Whether this action is an exceptional case such that SimpleAir is entitled to its costs and/or attorneys fees and, if so, the proper amount of such costs and/or attorneys fees.

18.     Whether this action is an exceptional case such that RIM is entitled to its costs and/or attorneys fees and, if so, the proper amount of such costs and/or attorneys fees.

## G.     LIST OF WITNESSES

### 1.     Plaintiff's witnesses

SimpleAir's Trial Witness List and deposition designations are attached as Exhibit A.

Defendants' objections and counter-designations to the deposition testimony are attached as Exhibit A-1.

### 2.     Defendants' witnesses

Defendant Apple's Trial Witness List is attached as Exhibit B.

Defendant Apple's deposition designations are attached as Exhibit C.

Defendant RIM's Trial Witness List is attached as Exhibit D.

Defendant RIM's deposition designations are attached as Exhibit E.

***

The parties are continuing to meet and confer regarding their respective deposition designations and objections thereto.

## H.     LIST OF EXHIBITS

### 1.     Plaintiff's exhibits.

SimpleAir's Trial Exhibit List is attached as exhibit F.

Defendants' objections are attached as Exhibit F-1.

**2.      Defendants' exhibits.**

Defendants' Trial Exhibit List is attached as Exhibit G.

**\*\*\***

The parties are continuing to meet and confer regarding their respective exhibit lists and objections thereto.

**I.      LIST OF PENDING MOTIONS**

**A.      Plaintiff's pending motions.**

| Docket No. | Pending Motion |
|---|---|
| 348 | SEALED Plaintiff SimpleAir's *Daubert* Motion to Exclude Certain Opinions of Dr. Stephen Wicker |
| 349 | SEALED Plaintiff SimpleAir's *Daubert* Motion to Exclude Certain Opinions of Mr. Tim Halvorsen |
| 350 | SEALED Plaintiff SimpleAir's *Daubert* Motion to Exclude Certain Opinions of Dr. M. Ray Perryman |
| 353/439 | SEALED Plaintiff SimpleAir's *Daubert* Motion to Exclude Certain Opinions of Mr. Daniel Jackson (the original was filed as docket #353; an amended version was filed as docket #439 to correct errors in the table of contents) |
| 392 | Plaintiff SimpleAir's Motion for Extension of Time to File Response to RIM's Motion to Strike Supplemental Expert Reports |

**B.      Defendants' pending motions.**

| Docket No. | Pending Motion |
|---|---|
| 272 | SEALED Defendants' Joint Motion to Sever |

| Docket No. | Pending Motion |
|---|---|
| 273 | SEALED Research In Motion Limited and Research In Motion Corporation's Motion to Transfer Severed Case |
| 282 | Opposed SEALED Motion to Stay Pending Reexaminations by Research In Motion Corporation, Research In Motion Limited |
| 351 | SEALED Defendant Apple Inc.'s Motion for Partial Summary Judgment Concerning Priority Dates of the Patents-In-Suit |
| 352 | SEALED Defendants Research In Motion, Limited and Research In Motion Corporation's Motion for Summary Judgment of Non-Infringement of the '433 Patent Based on the "On Or Off" Limitation |
| 354 | SEALED Defendants Research In Motion, Limited and Research in Motion Corporation's Motion to Strike Mr. Mills' and Dr. Srinivasan's Supplemental Expert Reports and Other Untimely Production |
| 356 | SEALED Defendants Research In Motion, Limited and Research in Motion Corporation's Motion for Partial Summary Judgment of Non-Infringement on the Grounds of Express License, Implied License, or Patent Exhaustion |
| 357 | SEALED Defendants Research In Motion, Limited and Research in Motion Corporation's Motion for Summary Judgment of Non-Infringement on the Grounds of Divided Infringement |
| 358 | SEALED Defendants Research In Motion, Limited and Research in Motion Corporation's Motion for Partial Summary Judgment regarding Non-Infringement (Territoriality) and Non-Infringing Alternatives |
| 359 | SEALED Defendants Research In Motion, Limited and Research in Motion Corporation's Motion for Partial Summary Judgment (No Evidence) |
| 360 | SEALED RIM'S Motion for Summary Judgment of Non-Infringement of U.S. Patent Nos. 6,021,433 and 7,035,914 |
| 361 | SEALED Defendants Research In Motion, Limited and Research in Motion Corporation, and Apple Inc.'s Motion Under *Daubert* to Strike Expert Reports of Dr. Srinivasan and Mr. Mills |
| 362 | SEALED Defendant Apple Inc.'s Motion for Summary Judgment of Non-Infringement Based on No Joint Infringement by Apple, Inc. |

| Docket No. | Pending Motion |
|---|---|
| 363 | SEALED Defendants Apple Inc., Research In Motion Corporation and Research In Motion Limited Daubert Motion to Strike Expert Report of Robert Mills by Apple, Inc., Research In Motion Corporation, Research In Motion Limited |
| 365 | SEALED Defendants Research In Motion, Limited and Research in Motion Corp.'s Motion Under *Daubert* to Exclude Dr. James M. Knox's Battery Testing and Opinions regarding Battery Life |
| 367 | SEALED Defendant Apple Inc.'s Motion to Strike Portions of Expert Reports of Dr. James M. Knox. |
| 368 | SEALED Motion for Partial Summary Judgment of Non-Infringement Due to License and Exhaustion by Apple, Inc. |
| 375 | SEALED Defendant Apple Inc.'s Motion to Compel the Deposition of Plaintiff SimpleAir's Expert Dr. James M. Knox by Apple, Inc. |
| 403 | SEALED Defendant Apple Inc.'s Motion to Strike Dr. Srinivasan's and Mr. Mill's Supplemental Expert Reports |

\*\*\*

In addition, the parties anticipate filing opposed and/or stipulated motions *in limine* on March 26, 2012 and are jointly seeking leave to make those filings on that date (*see* dkt. #443).

## J.     PROBABLE LENGTH OF TRIAL.

SimpleAir estimates that the probable length of trial is 36 hours, exclusive of voir dire, opening, and closing.  SimpleAir proposes that each side be allocated 18 hours, exclusive of voir dire, opening, and closing.

Defendants estimate that the probable length of trial is 40 hours, exclusive of voir dire, opening, and closing.  Defendants propose that each side be allocated one half of the trial time, *i.e.,* 20 hours.

The parties propose that each party be allocated 30 minutes for voir dire, 45 minutes for opening statements, and 1 hour for closing statements.

**K.      MANAGEMENT CONFERENCE LIMITATIONS.**

n/a

**L.      CERTIFICATIONS.**

The undersigned counsel, on behalf of their respective parties in this action, do hereby

certify and acknowledge the following:

(1)      Full and complete disclosure has been made in accordance with the Federal Rules

of Civil Procedure and the Court's orders;

(2)      Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local

Rules, and the Court's orders have been complied with;

(3)      Each exhibit in the List of Exhibits attached hereto:

      a.      is in existence;

      b.      is numbered; and

      c.      has been disclosed to opposing counsel.

Approved as to form and substance by:

*/s/ Jeff Eichmann*
John Jeffrey Eichmann
CA State Bar No. 227472
(*admitted to practice in the Eastern District of Texas*)
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone:  310-656-7066
Facsimile:  310-657-7069
Email:  jeff@dovellaw.com

**ATTORNEYS FOR PLAINTIFF SIMPLEAIR, INC.**

*/s/ Ryan J. Casamiquela*
Gregory S. Arovas
KIRKLAND & ELLIS LLP
Citigroup Center 153 East 53rd Street
New York, New York 10022

Telephone: 212 446 4800
Facsimile: 212 446 4900
Email: gregory.arovas@kirkland.com

Adam R. Alper
Ryan J. Casamiquela
KIRKLAND & ELLIS LLP
555 California Street, Floor 24
San Francisco, California 94104
Telephone: 415 439 1400
Facsimile: 415 439 1500
Email: adam.alper@kirkland.com
Email: ryan.casamiquela@kirkland.com

Gianni Cutri
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone: 312 862 2000
Facsimile: 312 852 2200
Email: gianni.cutri@kirkland.com

Edward C. Donovan
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC  20005
Telephone: 202 879 5000
Facsimile: 202 879 5200
Email: edward.donovan@kirkland.com

Michael Woodrow DeVries
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA  90071
Telephone: 213 680 8400
Facsimile: 213 680 8500
Email: michael.devries@kirkland.com

Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903)757-8449
Facsimile: (903)758-7397
Email: ema@emafirm.com

**ATTORNEYS FOR DEFENDANT
APPLE INC.**


/s/ Mark G. Matuschak
Mark G. Matuschak
*Pro Hac Vice*
mark.matuschak@wilmerhale.com
WILMER CUTLER PICKERING HALE & DORR LLP
60 State Street
Boston, MA 02109
Tel.: (617)526-6000
Fax: (617)526-5000

Harry Lee Gillam, Jr.
Texas Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH
303 S. Washington Avenue
Marshall, TX 75670
Tel.: (903)934-8450
Fax: (903)935-9257

E. Leon Carter
Texas State Bar No. 03914300
lcarter@carterstafford.com
CARTER STAFFORD ARNETT HAMADA MOCKLER, PLLC
8150 N. Central Expressway
Suite 1950
Dallas, TX 75206
Tel.: (214)550-8188
Fax: (214)550-4881

James M. Dowd
*Pro Hac Vice*
james.dowd@wilmerhale.com
WILMER CUTLER PICKERING HALE & DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel.: (213)443-5300
Fax: (213)443-5400


***Attorneys for Defendants Research In Motion Limited and Research In Motion Corporation***

This Joint Pretrial Order is hereby approved this ___ day of April 2012.

_____
United States District Court Judge