## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| SIMPLEAIR, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>AWS CONVERGENCE TECHNOLOGIES,<br>INC., ET AL.,<br><br>    Defendants. | Case No. 2:09-cv-289-MHS<br><br>JURY DEMANDED |

**Joint Statement by Plaintiff SimpleAir and Defendant Apple Regarding Status of Objections to Exhibits and Deposition Designations**

**[submitted to Judge David Folsom (ret.), assigned as Special Master]**

This joint statement is submitted in advance of the April 16, 2012 hearing before Judge David Folsom (ret.) regarding the remaining exhibit and deposition designation disputes between SimpleAir and Apple.  The parties have met and conferred continuously over the last several days and have reduced the issues in dispute substantially.

**A.      SimpleAir's outstanding objections.**

SimpleAir has filed and served updated objections to Apple's exhibits (dkt. # 541) and deposition designations (dkt. #544).  These are the remaining SimpleAir objections that require resolution, with the exception of SimpleAir's objections to certain of Apple's counter-designations of Apple witness testimony.  Those objections will be stated in Apple's forthcoming filing of revised deposition designations and will furthermore be stated in the transcript binders referenced below.

**B.      Apple's outstanding objections.**

Apple has filed and served updated objections to SimpleAir's exhibits and deposition

designations, as well as responses to SimpleAir's objections to Apple's exhibits and deposition

designations (dkt. #543).  This filing identifies the remaining issues regarding exhibits and

deposition designations that require resolution and provides Apple's position on each of these

issues.

**C.      Hearing materials.**

At hearing on Monday, the parties will appear with the following materials, per Judge

Folsom's instructions:

- SimpleAir will bring paper copies of its exhibits that Apple continues to object to

  (with the exception of a couple documents that are in native form, which will be

  brought on the computer and on disc).

- Apple will bring paper copies of its exhibits that SimpleAir continues to object to

  (with the exception of documents in native form, which Apple will bring on disc).

- The parties will also bring binders containing the deposition transcripts that are at

  issue with yellow highlighting for the affirmative designations, green highlighting

  for the counters, and with objections noted in the margins.


Dated:  April 13, 2012                          Respectfully submitted,


                                    By:  /s/ *Jeff Eichmann*
                                         John Jeffrey Eichmann
                                         CA State Bar No. 227472
                                         (*admitted to practice in the Eastern
                                         District of Texas*)
                                         DOVEL & LUNER, LLP
                                         201 Santa Monica Blvd., Suite 600

Santa Monica, CA 90401
Telephone:  310-656-7066
Facsimile:  310-657-7069
Email:  jeff@dovellaw.com

ATTORNEYS FOR PLAINTIFF,
SIMPLEAIR, INC.

*/s/ Adam R. Alper*
Adam R. Alper
Ryan J. Casamiquela
KIRKLAND & ELLIS LLP
555 California Street, Floor 24
San Francisco, California 94104
Telephone:  (415) 439-1400
Facsimile:  (415) 439-1500
adam.alper@kirkland.com
ryan.casamiquela@kirkland.com

Gregory S. Arovas
KIRKLAND & ELLIS LLP
Citigroup Center 153 East 53rd Street
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile: (212) 446-4900
gregory.arovas@kirkland.com

Michael W. De Vries
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone:  (213) 680-8400
Facsimile:  (213) 680-8500
michael.devries@kirkland.com

Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903)758-7397
ema@emafirm.com

**ATTORNEYS FOR DEFENDANT
APPLE INC.**

## **Certificate of Service**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 13th day of April 2012.